Nathaniel BANGER

v.

PHILADELPHIA ELECTRIC CO., Edward E. Kelly, Ind. and t/a Thomas J. Kelly Sons and Cedarbrook Corporation, Defendants.

PHILADELPHIA ELECTRIC COMPANY, Third-Party-Plaintiff,

JAMES D. MORRISEY, INC., Third-Party-Defendant,

Nathaniel Banger and His Attorneys, Benjamin Dresnin and Joseph V. Restifo, Appellants.

No. 17946.

United States Court of Appeals Third Circuit.

Argued Nov. 20, 1969.

Decided Dec. 17, 1969.

Joseph V. Restifo, Philadelphia, Pa., for appellants.

Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for appellee.

Before HASTIE, Chief Judge, and VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The district court ordered the attorney for a plaintiff in a civil action to pay to the clerk of the court $250 as a penalty for what the court found to be inexcusable failure to file a pre-trial memorandum as required by a standing order of the court. The court characterized the lawyer's conduct as "inexcusably dilatory" and as disobedience of the standing order.

On April 9, 1969 the district court denied a motion to reconsider the sanction it had imposed. The same day the attorney paid $250 to the clerk of the court, and the next day the clerk disposed of the item by transmitting $250 to the Treasurer of the United States. With the matter in this posture we are asked to adjudicate an appeal challenging the authority of the district court to impose the penalty.

We do not reach the merits of the appeal. Because the $250 in question has been paid by the appellant and thereafter covered into the Treasury of the United States, this court has no power to grant the appellant any effective relief. For this reason, the case is moot and this appeal must be dismissed.

We do not minimize the importance of the contention that the district court's action was contrary to the decision of this court en banc in Gamble v. Pope & Talbot, Inc., 1962, 307 F.2d 729, cert. denied, Eastern Dist. of Pa. v. Mahoney,

371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123. If a party believes he is aggrieved by such an action on the part of the district court, procedures are available which will enable him to have his contention reviewed by this court, without running afoul of the bar of mootness.