Myer PHILLIPS, Administrator of the Estate of Gary Louis Phillips, Deceased, Appellee,

v.

CHELTENHAM TOWNSHIP and John Ward.

**Appeal of John WARD.**

No. 77–1374.

United States Court of Appeals, Third Circuit.

Argued March 28, 1978.
Decided April 24, 1978.

---

Daniel T. McWilliams, Thomas E. Thomas, Philadelphia, Pa., McWilliams and Sweeney, for appellant.

Samuel H. High, Jr., High, Swartz, Roberts & Seidel, for Tp. of Cheltenham.

Irving L. Madnick, Philadelphia, Pa., for appellee.

Before HUNTER, WEIS and GARTH, Circuit Judges.

## OPINION

**PER CURIAM:**

In this action we are asked to review a finding of the district court that appellant John Ward, a police officer of Cheltenham Township, Pennsylvania, violated the civil rights of Gary Phillips. Ward shot and killed Phillips during an attempted arrest while Phillips was allegedly fleeing the scene of a burglary. The administrator of Phillips' estate brought this suit under 42 U.S.C. § 1983 for damages on the ground that Officer Ward had deprived the fleeing suspect of life without due process of law. The district court, on the basis of stipulated facts, found that the police officer had exceeded the privilege described by Pennsylvania law for using deadly force in making an arrest, 18 Pa.Cons.Stat.Ann. § 508(a) (1973). On that basis the court found defendant liable for deprivation of the civil rights of plaintiff's decedent and, after a

trial on damages, entered a judgment for plaintiff in the amount of $2,590.30. *Phillips v. Ward*, 415 F.Supp. 976 (E.D.Pa.1976). Officer Ward appeals that judgment.

After the briefs in this case had been filed, we were informed by a letter from defendant's counsel that defendant's insurance carrier had paid the judgment and settled the case.[1] As a result of the settlement, plaintiff withdrew a cross-appeal on the issue of damages. During argument, counsel again indicated to the court that the judgment had been unconditionally paid, apparently with his consent, but contended that we could nevertheless review only the issue of liability. Officer Ward argues that the finding of liability below is a stain on his reputation and might hamper state law enforcement officials. He has not claimed any specific injury from the finding, such as an effect on his employment status or liability over to the insurance carrier.

We do not reach the merits of this case. Since the judgment has been unconditionally paid, this court is without power to grant relief from the order appealed from, and the case is moot. *Stewart v. Southern Railway Co.*, 315 U.S. 283, 284, 62 S.Ct. 616, 86 S.Ct. 849 (1942); *Hammond Clock Co. v. Schiff*, 293 U.S. 529, 55 S.Ct. 146, 79 L.Ed. 639 (1934); *Samoff v. International Association of Machinists District Lodge No. 1*, 420 F.2d 952 (3d Cir. 1969), *cert. denied*, 398 U.S. 965, 90 S.Ct. 2071, 26 L.Ed.2d 548 (1970); *Banger v. Philadelphia Electric Co.*, 419 F.2d 1322 (3d Cir. 1969); *Henderson v. Frank*, 131 F.2d 484 (3d Cir. 1942). *See* 13 Wright, Miller & Cooper, Federal Practice & Procedure § 3533, at 270–71 (1975).

We sympathize with the position of Officer Ward, whose insurance carrier with his counsel's consent has made it impossible for him to argue the vindication of his good name to this court. Our dismissal of this case should not be construed as addressing

---

Appellant's counsel, although aware of the settlement of the case, made no attempt to supplement his brief in light of this critical development. He wrote to the court of this matter only in response to a letter from the Clerk concerning argument.

in any way the finding of liability by the district court, a finding and conclusion which if we were to review on the merits would give us grave concern.

This appeal will be dismissed. Each party to bear its own costs.