Richard BOLTE, Plaintiff-Appellee,

v.

The HOME INSURANCE COMPANY, Defendant.

Appeal of Terrence R. JOY, Thomas L. Hamlin.

No. 83–2009.

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 1984.

Decided Sept. 17, 1984.

Robert M. Wattson, Robins, Zelle, Larson & Kaplan, Minneapolis, Minn., Robert A. Downing, Sidley & Austin, Chicago, Ill., for defendant.

Howard A. Davis, Habush, Habush & Davis, Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and BAUER and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Terrence Joy and Thomas Hamlin, two lawyers for the defendant in a diversity suit, seek to appeal from a finding by the district judge that they engaged in misconduct. We must decide whether the finding is appealable under 28 U.S.C. § 1291, as a "final decision" of the district court.

The plaintiff, Bolte, had sued the defendant, Home Insurance Company, to collect on a fire-insurance policy. The defense was arson, and a key witness for the defense was a man named Benedict. The jury found that Bolte himself had set the fire, and judgment was entered for the defendant. Bolte moved for a new trial. The district judge, in an order of January 7, 1983, granting the motion, found that Joy and Hamlin—who were not parties to the suit, but rather were lawyers for the insurance company—had wrongfully concealed from Bolte statements made by Benedict before trial that were inconsistent with his testimony at trial, and had even concealed Benedict's name and address. The judge described the lawyers' conduct as "reprehensible," and later scheduled a hearing to determine what if any sanctions should be imposed on them. But then the parties settled, and on April 28, 1983, the district judge ordered the case dismissed with prejudice but "declined to either remove [his] decision and order of January 7, 1983, or to impose sanctions."

The lawyers purport to appeal from both the January 7 and April 28 orders. But of course they are not trying to appeal from the order (now moot) to grant a new trial or from the order to dismiss the case. They are trying to appeal from the finding that they were guilty of misconduct and from the district judge's later refusal to expunge that finding. They say the finding has injured their reputations and may lead to disciplinary proceedings against them in Minnesota, where they are licensed to practice law. This may be true but we

do not think a finding in a district judge's opinion that someone engaged in wrongful conduct is an appealable final order. If it were, a breathtaking expansion in appellate jurisdiction would be presaged. Lawyers, witnesses, victorious parties, victims, bystanders—all who might be subject to critical comments by a district judge—could appeal their slight if they could show it might lead to a tangible consequence such as a loss of income. Such appeals would be particularly unmanageable because usually there would be no appellee. We do not know why Bolte has bothered to file a brief in this court, since, as far as we can see, he has nothing either to gain or to lose if we reverse or affirm the judge's finding of lawyer misconduct, Bolte's dispute with the Home Insurance Company having been settled. If a judge imposes sanctions for misconduct, then not only has the party or person who has been sanctioned a solid basis for wanting to appeal, but whoever received the benefit of the sanction has a solid basis for wanting to oppose the appeal, whether it is the United States as recipient of a fine for criminal contempt, or an adversary whose attorney's fees the sanctioned individual was forced to pay. Even if the sanction is jail, whether for criminal or civil contempt, the appellee has a reason to defend it. In the case of criminal contempt, the United States has a reason based on its duty to uphold federal law. In the case of civil contempt, the contemnor's adversary has an incentive to defend the sanction because the purpose of civil contempt is to coerce a party to do something in his adversary's interest (such as revealing the whereabouts of assets from which the adversary is trying to collect a judgment).

■ Maybe the stigma of being accused by a federal judge of "reprehensible" conduct is injury enough to satisfy the standing requirement in Article III of the Constitution, cf. *Analytica, Inc. v. NPD Research, Inc.*, 708 F.2d 1263, 1266 (7th Cir. 1983), by analogy to the injury on which the tort of defamation is based. But the question here is whether Congress, in making "final decisions" of district courts appealable in 28 U.S.C. § 1291, meant to allow people who were not even parties to a lawsuit in the district court to appeal from a wounding or critical or even palpably injurious comment or finding by a district judge. In a purely verbal sense, it would be possible to argue for an affirmative answer. By his finding of reprehensible conduct, the district judge in effect began a disciplinary proceeding against the lawyers, which ended with his order of April 28. As nothing remains pending in the district court, that order is not interlocutory. And although sanctions in the usual sense were not imposed, the judge's refusal to vacate his earlier finding of misconduct imposed or confirmed a sanction of sorts, in a realistic though not formal sense, on the lawyers. Nevertheless, especially in an age of congested appellate dockets, and considering the difficulty of assuring an adversary contest in most such appeals, we do not think they are within the scope of section 1291. Although we cannot find a case directly on point, we find support for our conclusion in the following cases: *United States Steel Corp. v. Fraternal Ass'n of Steel Haulers*, 601 F.2d 1269, 1273 (3d Cir.1979); *Phillips v. Cheltenham Township*, 575 F.2d 72 (3d Cir.1978) (per curiam); *Major v. Orthopedic Equipment Co.*, 561 F.2d 1112, 1115 (4th Cir.1977); *Rosenfeldt v. Comprehensive Accounting Service Corp.*, 514 F.2d 607, 611 (7th Cir. 1975); *River Valley, Inc. v. Dubuque County*, 507 F.2d 582, 584–85 (8th Cir.1974) (per curiam).

■ If there is any remedy for the wrong that the appellants allege, it is to seek a writ of mandamus against the district judge under 28 U.S.C. § 1651. As a matter of fact the appellants previously sought a writ of mandamus from us to force the judge to rescind his finding of misconduct. We refused the writ. They took the right route, though; appeal is the wrong one.

APPEAL DISMISSED.