**CLARK EQUIPMENT COMPANY,**
a Delaware Corporation,
Plaintiff–Appellee,

v.

**LIFT PARTS MANUFACTURING COMPANY INCORPORATED, a Delaware corporation, Defendant.**

Appeal of John J. VOORTMAN,
attorney for defendant.

Nos. 89–3192, 90–1649.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 21, 1992.

Decided Aug. 14, 1992.

Michael L. McCluggage, Sharon R. Gromer, Roderick A. Palmore, Ann W. Regan, Fred Schulz, Wildman, Harrold, Allen & Dixon, Chicago, Ill., Peter Baird (argued), Patricia Halstead, Andrew S. Gordon, Lewis & Roca, Phoenix, Ariz., for plaintiff-appellee Clark Equipment Co.

Roderick A. Palmore, Wildman, Harrold, Allen & Dixon, Stephen C. Neal (argued), Leslie M. Smith, Chaim T. Kiffel, Kirkland & Ellis, Walter C. Greenough, William A. Montgomery, W. Donald McSweeney, William M. Hannay, Sara L. Johnson, Schiff, Hardin & Waite, Chicago, Ill., David H. Spiller, Brandford, Conn., Samuel P. Goddard, Goddard & Goddard, Phoenix, Ariz., for appellant John J. Voortman.

Jerold S. Solovy, Richard T. Franch, Laura A. Kaster, Jenner & Block, Walter C. Greenough, William A. Montgomery, W. Donald McSweeney, Schiff, Hardin & Waite, Stephen C. Neal, Chaim T. Kiffel, Kirkland & Ellis, Chicago, Ill., David H. Spiller, Brandford, Conn., Samuel P. Goddard, Goddard & Goddard, Phoenix, Ariz., for defendant Lift Parts Mfg., Inc.

Before BAUER, Chief Judge, CUDAHY, Circuit Judge, and WOOD, Jr., Senior Circuit Judge.

CUDAHY, Circuit Judge.

John Voortman represented the Lift Parts Manufacturing Company (LPM) in two lawsuits brought by the Clark Equipment Company (Clark). In one lawsuit, Clark claimed that LPM had violated an earlier consent decree (consent decree case). In the other, Clark alleged that LPM had infringed its copyrights (copyright case). The cases were consolidated before Judge Holderman in the Northern District of Illinois. During the proceedings, Voortman twice raised Judge Holderman's ire, resulting in hefty sanctions.

In the consent decree case, Judge Holderman found that Voortman, LPM, Echlin Incorporated (LPM's parent corporation) and David Spiller, LPM's general counsel, among other wrongs, had contributed to the absence of a crucial witness. Memorandum Opinion and Order at 2 (October 26, 1987). This conduct violated Federal Rules of Civil Procedure 11, 26 and 37 and constituted civil contempt under 18 U.S.C. § 401. *Id.* at 49. To compensate Clark for these violations, the court awarded it $162,011 in attorney's fees and costs for which Voortman, LPM, Echlin and Spiller were jointly and severally liable. Memorandum Opinion and Order at 13–14 (Sept. 11, 1989). In the copyright case, Judge Holderman found that Voortman had violated Rule 11 by re-arguing an issue already decided by the district judge previously assigned to the case. Memorandum Opinion and Order at 31 (Jan. 19, 1990). The judge awarded Clark $4,818.50 in attorney's fees and costs, to be borne solely by Voortman. *Id.*

Voortman immediately appealed from both sanctions, thereby giving rise to a viper's nest of difficult jurisdictional issues. We will not detail those issues (which yielded a foot-tall pile of motions, responses, status reports and orders) because subsequent events have made them all moot. The question before us, however, is whether the merits of the appeals are now moot.

While these appeals were pending, Judge Holderman found for Clark in the consent decree case. Clark, LPM and Echlin then settled the copyright case. Under the settlement agreement, LPM and Echlin paid Clark *all* of the sanctions imposed against them and their counsel, including the $4,818.50 sanction awarded against Voortman personally. There is no indication that Voortman was involved in the settlement in any way.

## I.

The Ninth and Eleventh Circuits have held that settling a case on the merits moots an appeal of sanctions arising out of the case, unless the sanctions have been made payable to the court. *Riverhead Savings Bank v. National Mortgage Equity Corp.*, 893 F.2d 1109, 1112 (9th Cir. 1990); *Kleiner v. First Nat'l Bank*, 751 F.2d 1193, 1199–1200 (11th Cir.1985). If the case is moot, we have no jurisdiction over the appeal. *In re Smith*, 964 F.2d 636, 637 (7th Cir.1992). The Eighth Circuit,

however, has recently decided that settlement does not moot the appeal of a sanctions award. *Perkins v. General Motors Corp.*, 965 F.2d 597, 599 (8th Cir.1992). The court reasoned that "[t]he interest in having rules of procedure obeyed does not disappear merely because an adversary chooses not to collect the sanctions." *Id.*

■ We agree that a court's interest in having the rules of procedure obeyed never disappears. But that interest is not sufficient to keep a compensatory award alive for appeal after the parties have settled. A district court may sanction abusive behavior directly by imposing a punitive fine made payable to the court or by imposing non-monetary sanctions. These sanctions cannot be settled by the parties. Alternatively, however, the court may sanction the offending party by forcing him to compensate his opponent for the trouble he has caused. This second enforcement mechanism may be analogized to tort remedies, which also regulate behavior by compensating injured parties. *See Cipollone v. Liggett Group, Inc.*, — U.S. —, —, 112 S.Ct. 2608, 2620, 120 L.Ed.2d 407 (1992). Society at large has an interest in enforcing negligence rules, yet we allow tort plaintiffs to bargain away that interest by settling. So too the beneficiary of a compensatory sanction may bargain away

the court's interest in seeing its rules enforced. And despite the way we have phrased our analogy, a settlement does not mean that a sanction has been rendered ineffective—any more than a guilty plea indicates that the criminal laws are not being enforced.

■ If the appeal is moot, Voortman has a serious complaint: the district court found that he had engaged in grossly unprofessional conduct, a conclusion with which he strenuously disagrees. But now he cannot appeal, through no fault of his own. There is a standard procedure to deal with this problem, however. Ordinarily, when a case becomes moot, it is our duty to dismiss the appeal, vacate the judgment of the district court and remand with instructions to dismiss the plaintiff's complaint. *Great Western Sugar Co. v. Nelson*, 442 U.S. 92, 94, 99 S.Ct. 2149, 2150, 60 L.Ed.2d 735 (1979) (per curiam). This course protects the appellant from the otherwise preclusive effects of the district court's unappealable order. *United States v. Munsingwear*, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106–107, 95 L.Ed. 36 (1950); *In re Smith*, 964 F.2d at 637; *United States v. Articles of Drug Consisting of 203 Paper Bags*, 818 F.2d 569, 572 (7th Cir.1987).[1] In this case, of course, there is no need to dismiss the plaintiff's complaint. Clark's

---

1. We have carved out an exception to this general rule, stating that where an appellant has abandoned his appeal by settling we will not vacate the judgment of the district court. *In re Smith*, 964 F.2d at 637–38 (citing *Harris v. Board of Governors of Federal Reserve System*, 938 F.2d 720, 724 (7th Cir.1991)); *see also In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1301 (7th Cir.1988). It is difficult to reconcile this exception with Supreme Court precedent on the subject. *Lake Coal Co. v. Roberts & Schaefer Co.*, 474 U.S. 120, 106 S.Ct. 553, 88 L.Ed.2d 418 (1985) (case settled while certiorari pending; district court instructed to dismiss case as moot); *City Gas Co. v. Consolidated Gas Co.*, — U.S. —, 111 S.Ct. 1300, 113 L.Ed.2d 235 (1991) (same, procedural posture of case recited in Joint Motion to Grant Certiorari, Vacate Judgment of Court of Appeals and Remand with Directions to Vacate Judgment of District Court on Grounds of Mootness (Feb. 27, 1991), filed in the cited case); *see also Board of Regents v. New Left Education Project*, 414 U.S. 807, 94 S.Ct. 118, 38 L.Ed.2d 43 (1973) (Fifth Circuit declined to vacate judgment because

Board of Regents made case moot by changing challenged rules, 472 F.2d 218, 220–22 (5th Cir. 1973); Supreme Court summarily reversed and ordered judgment vacated). On the other hand, several other circuits refuse to vacate district court judgments following settlements and do not appear to be troubled by the possible conflict with Supreme Court precedent. *See, e.g., Ringsby Truck Lines v. Western Conference of Teamsters*, 686 F.2d 720, 721–23 (9th Cir.1982); *In re United States*, 927 F.2d 626, 628 (D.C.Cir. 1991); *Clarendon Ltd. v. Nu-West Inds., Inc.*, 936 F.2d 127, 129–30 (3d Cir.1991). *See generally* 13A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3533.10 at 429–33 (2d ed. 1984) & 1992 Pocket Part at 238–40 & 247–50 (collecting cases and criticizing exception).

We need not address the issue here, however. Although we must wonder why LPM chose to be so generous, there is no suggestion in the record that Voortman had any hand in crafting the settlement. Voortman did not make this case moot.

lawsuits against LPM are not at issue in this appeal, and we need only vacate the judgment of the district court to the extent that it imposes sanctions against Voortman. Judge Holderman's unpublished opinions still record his conclusion that Voortman behaved badly, but that conclusion is deprived of all binding effect. *Articles of Drug*, 818 F.2d at 572.

 Voortman would also like us to vacate Judge Holderman's opinions. We do not usually honor such requests. First, opinions have value to the judicial system, even if they cannot be appealed. At the time Judge Holderman entered his opinions, he had a live controversy before him, and, while not binding on anyone, his reasoning may be helpful to other courts to the extent that it is persuasive. *See In re Smith*, 964 F.2d at 638; *In re Memorial Hospital of Iowa County, Inc.*, 862 F.2d 1299, 1302–03 (7th Cir.1988); *Articles of Drug*, 818 F.2d at 572. Second, an order that vacates an unappealable opinion would not usually affect any tangible interest, thus placing such an order outside of our Article III power to decide cases and controversies. *In re Smith*, 964 F.2d at 638.

Voortman argues that this case is unlike the ordinary case in which a party merely wants an uncomfortable precedent removed from the books. Voortman argues that Judge Holderman's opinions harm his reputation. But we have already decided that an attorney may not appeal from an order that finds misconduct but does not result in monetary liability, despite the potential reputational effects. *Bolte v. Home Ins. Co.*, 744 F.2d 572, 573 (7th Cir.1984) (district court found misconduct, but case settled before sanctions were imposed). Further, Voortman has made only general allegations that he may suffer harm in the future. These allegations represent no more than a "speculative contingency," insufficiently "real and immediate to show an existing controversy." *Deakins v. Monaghan*, 484 U.S. 193, 200–01 n. 4, 108 S.Ct. 523, 528–29 n. 4, 98 L.Ed.2d 529 (1988) (internal quotations omitted). Someday Voortman may be able to show concrete harm to his reputation from the bare exist-

ence of Judge Holderman's unpublished opinions; should that contingency occur, mandamus might be an appropriate remedy. *Bolte*, 744 F.2d at 573.

## II.

For the foregoing reasons, the appeals are DISMISSED, and the judgment of the district court is VACATED to the extent that it imposes sanctions against Voortman.