LYNCH, Circuit Judge,
dissenting.
I respectfully dissent from the denial of the request for rehearing en banc. I believe that this case involves a question of exceptional importance which should be addressed by the full court. See Fed.R.App.P. 35(a).
A published reprimand is a punishment that is in many cases far more serious than the imposition of monetary sanctions. Repu-tational damage alone may be worse for a lawyer than any monetary sanction and it seems odd to limit appeals to cases where there is a direct monetary sanction. Indeed, if pecuniary effects are accepted as the test, a reprimand itself may have long-lasting effects on a lawyer’s earning ability far worse than an individual monetary sanction. Being-branded unethical or incompetent by a federal judge can essentially destroy a lawyer’s career. See Walker v. City of Mesquite, 129 F.3d 831, 832-33 (5th Cir.1997).
Despite these harsh realities, there are few checks on what judges say about counsel other than the judge’s own prudence. A lawyer attempting to pursue a client’s interests zealously may, if faced with an arbitrary judge or a judge who has an erroneous view of the facts, end up with a blot on his or her record that will never be eraséd — unless an appeal is possible to correct the problem.
The majority acknowledges these concerns, but focuses the appealability inquiry on whether a judge’s words “are expressly *51 identified as a reprimand.” In re Williams, 156 F.3d 86, 92-93 (1st Cir.1998). However, if a lawyer’s ability to fight reputational damage is dependent on a judge’s labeling of an order, then judges who wish to evade appellate review will find it easy to do so. This sort of formalism, which has been abandoned in so many areas of the law, see, e.g., id. at 95-96 (Rosenn, J., dissenting) (noting that orders not labeled injunctions may nonetheless be appealable under 28 U.S.C. § 1292(a)(1) if they have injunctive effect), seems especially inappropriate in an area in which the premise of any appeal is likely to be the assertion that the order was issued by an intemperate decisionmaker.
Although the countervailing policy concerns expressed in the panel decision are forceful and significant, see Williams, 156 F.3d at 91-93 (citing Bolte v. Home Ins. Co., 744 F.2d 572, 573 (7th Cir.1984)), much of their force depends on the assumption that a finding of appealability in this case would make almost any negative comment by a trial judge subject to appeal. However, as pointed out by the dissent and the petition for rehearing, limiting principles are available. For instance, appealability could be limited to published reprimands that are issued in the context of a decision on the imposition of sanctions. See id. at 97-98 (Rosenn, J., dissenting); Petition for Rehearing and Suggestion for Rehearing En Bane at 6-8. These sorts of limits would ensure that judges’ ability to run their courtrooms and manage their caseloads remains unimpaired.
Further, defining a certain limited class of reprimands as appealable under 28 U.S.C. § 1291 and § 158(d) is unlikely to prompt a flood of new appeals to this already busy court. Any lawyer appealing a reprimand takes the risk that this court, reaching the merits, will agree that the sanction is justified — thus giving the sanction far more force than it would have had if it had come from a trial judge unendorsed by a reviewing court. Accordingly, the lawyer’s self-interest dictates that an appeal be taken only in cases in which the sanction is particularly damaging to the lawyer’s reputation and particularly undeserved.
Even if appeals in this area arise infrequently, however, the very possibility of review will act as a check on judges who may be too free to issue unwarranted reprimands. The availability of mandamus, an exceedingly narrow avenue for appellate oversight, see, e.g., United States v. Horn, 29 F.3d 754, 769 (1st Cir.1994), will simply not serve this prophylactic purpose.
For these reasons, I dissent from the denial of review en banc.