**In re Vytautas VEBELIUNAS, Debtor.**

**Warren R. Graham, Appellant,**

**v.**

**Vytautas Vebeliunas, Appellee.**

**No. 99 CIV. 5842(LAK),
98 B 45466(TLB).**

United States District Court,
S.D. New York.

March 21, 2000.

Robert Fryd, Donald M. Levinsohn, Warshaw, Burnstein, Cohen, Schlesinger

& Kuh, LLP, New York City, for Appellant.

Vytautas Vebeliunas, Pro Se.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This appeal follows an order by Chief Bankruptcy Judge Brozman disqualifying appellant, Warren R. Graham, and his law firm as counsel for the trustee in this Chapter 7 case.[1] The opinion was highly critical of Graham, finding that he was not disinterested and that his testimony at the hearing was not credible. The order, however, simply disqualified counsel.

Graham now appeals from Chief Judge Brozman's order. Believing that an order disqualifying counsel was not appealable, however, Graham has appealed only from "so much of the order ... as ... sanctioned appellant by, *inter alia,* (1) finding and publicly declaring that appellant was guilty of unprofessional conduct and had violated the Code of Professional Responsibility; and (2) publicly reprimanding appellant by name and expressly directing the publication of said Opinion."[2]

■ The threshold question is whether this Court has jurisdiction over the appeal. It is clear that, had the actions in question been taken by a district court in an ordinary civil case, no appeal would lie, irrespective of whether the order were treated as disqualification of counsel or as imposing sanctions, because the order would not be final.[3] Although 28 U.S.C. § 158(a)(1), the source of the district courts' obligatory appellate jurisdiction over bankruptcy court rulings, also requires finality, courts nonetheless have taken a more flexible view of finality for purposes of determining appealability in the bankruptcy context.[4] In this spirit, the Second Circuit held in *In re Palm Coast, Matanza Shores Ltd. Partnership*[5] and *In re AroChem Corp.*[6] that orders granting or denying motions to disqualify counsel in bankruptcy cases dispose of a discrete dispute within the larger case and therefore are final within the meaning of section 158(a)(1) and appealable.[7]

Appellant alleges jurisdiction over his appeal based on this line of cases. At most, however, these cases merely affirm jurisdiction over appeals from orders granting or denying motions to disqualify counsel. As appellant has made abundantly clear, this is not the aspect of the order from which he has appealed. Instead, he appeals only what he characterizes as "sanctions" imposed by the bankruptcy court in the form of published factual findings and opinions regarding his conduct. Thus, the question here, assuming that Graham was "sanctioned," would be whether the Second Circuit would extend

1. *In re Vytautas Vebeliunas,* 231 B.R. 181 (Bankr.S.D.N.Y.1999).

2. Appellant's brief concedes that neither he, his firm nor the trustee "attempted to take an immediate appeal from the Order below insofar as it disqualified Mr. Graham and his firm from representing the Trustee." Appt's Br. at 23.

3. *See Richardson–Merrell, Inc. v. Koller,* 472 U.S. 424, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (orders disqualifying counsel in civil cases are not appealable either as final orders or under the collateral order doctrine); *see also Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999).

4. *See, e.g., In re AroChem Corp.,* 176 F.3d 610, 619 (2d Cir.1999) (citing *inter alia In re Palm*

*Coast, Matanza Shores Ltd. Partnership,* 101 F.3d 253, 256 (2d Cir.1996)).

5. 101 F.3d 253 (2d Cir.1996) (bankruptcy court orders permitting a Chapter 11 trustee to retain his own real estate firm as a consultant to the bankrupt estate is final and appealable).

6. 176 F.3d 610 (2d Cir.1999) (appealability of bankruptcy court order authorizing a trustee to retain counsel to pursue lawsuits on behalf of creditors).

7. *See also In re Kurtzman,* 194 F.3d 54 (2d Cir.1999) (bankruptcy court's order denying retention of counsel is appealable under *In re AroChem* and *In re Palm Coast* ).

*In re Palm Coast* and *In re AroChem* to make sanctions orders appealable in bankruptcy despite the Supreme Court's holding in *Cunningham* that such orders in civil cases are not appealable.[8] This question, however, need not be decided here, as the jurisdictional question must be disposed of on a more basic ground. The premise of appellant's appeal—that he is appealing from a sanctions order, as opposed merely to judicial criticism—is incorrect.

It is common ground that a written or oral reprimand, where formally so denominated by the court, may constitute a sanction.[9] Where this is the case, immediate appeal from the reprimand alone may be permissible.[10] Chief Judge Brozman, however, nowhere suggested that her comments regarding appellant were meant as a formal sanction. Instead, the statements appear in the opinion solely in order to support her order disqualifying counsel and as general commentary.[11]

■ The Supreme Court repeatedly has said that courts "review[ ] judgments, not statements in opinions."[12] A number of courts outside this Circuit accordingly have held that factual findings and judicial criticism that are not expressly denominated as sanctions are not reviewable on appeal.[13] Although this is a question of

8. *See Cunningham,* 527 U.S. 198, 119 S.Ct. 1915, 144 L.Ed.2d 184 (in the non-bankruptcy context, sanctions orders are not final decisions from which appeal may be taken).

9. *See, e.g., In re Williams,* 156 F.3d 86, 91–92 (1st Cir.1998); *Dawson v. United States,* 68 F.3d 886, 893–94 (5th Cir.1995); *United States v. Horn,* 29 F.3d 754, 766–67 (1st Cir. 1994); *Thomas v. Capital Security Serv., Inc.,* 836 F.2d 866, 878 (5th Cir.1988); *Gaiardo v. Ethyl Corp.,* 835 F.2d 479, 482 (3d Cir.1987); *Malone v. United States Postal Serv.,* 833 F.2d 128, 132 n. 1 (9th Cir.1987).

10. *See, e.g., In re Williams,* 156 F.3d at 90 n. 3 (suggesting that formal sanction in the form of a public reprimand can be appealed); *Walker v. City of Mesquite, Texas,* 129 F.3d 831, 832–33 (5th Cir.1997) (permitting appeal from formal sanction in the form of a finding of "blatant misconduct"); *Fromson v. Citiplate,* 886 F.2d 1300, 1304 (Fed.Cir.1989) (interpreting Second Circuit law to permit appeal from critical factual findings and unfavorable opinions when those findings and opinions are deemed a "sanction" by the district court); *In re Calore Express Co.,* 226 B.R. 727, 733 (D.Mass.1998) (where court intends critical comments to be an "actual adjudication of misconduct," appeal lies).

11. At oral argument, appellant contended that Chief Judge Brozman made a formal finding that he had violated the Code of Professional Responsibility and that, if nothing else, this finding constitutes a sanction. Tr. at 17. But this is not the case. The opinion is clear that the court's finding that appellant breached Canons 5 and 9 of the Code was meant solely to support the ultimate conclusion that counsel was not disinterested and therefore must

be disqualified, 231 B.R. at 196. The "finding" is dictum. *See also* Tr. at 17–20.

12. *Black v. Cutter Laboratories,* 351 U.S. 292, 297, 76 S.Ct. 824, 100 L.Ed. 1188 (1956) ("At times, the atmosphere in which an opinion is written may become so surcharged that unnecessarily broad statements are made. In such a case, it is our duty to look beyond the broad sweep of the language and determine for ourselves precisely the ground on which the judgment rests."); *see also California v. Rooney,* 483 U.S. 307, 311, 107 S.Ct. 2852, 97 L.Ed.2d 258 (1987) (same).

13. *See, e.g., Weissman v. Quail Lodge, Inc.,* 179 F.3d 1194, 1199–200 (9th Cir.1999) ("[T]he district court's comments alone are not sanctions, but rather are merely its factual findings made in support of the order. [Therefore, w]e find no basis independently to review the allegedly derogatory statements about [appellant]. . . . [B]ecause the words themselves do not constitute sanctions, we conclude that they are not independently reviewable."); *In re Williams,* 156 F.3d at 90 (appellant cannot independently appeal from published factual findings of attorney misconduct that were originally rendered in support of sanctions when the sanctions order, but not the objectionable factual findings, was vacated); *Navieros Inter-Americanos, S.A. v. M/V Vasilia Express et al.,* 120 F.3d 304, 316 (1st Cir.1997) (appellant cannot appeal from suggestion in district court's opinion that the corporate veil should be pierced because "[i]t is a basic principle of appellate jurisdiction that we review judgments, not the editorial commentary in opinions"); *Clark Equipment Co. v. Lift Parts Manuf. Co., Inc.,* 972 F.2d 817, 820 (7th Cir.1992) (counsel cannot ap-

first impression in this Circuit, these cases are persuasive to this Court for a number of reasons.

First, permitting appeal from critical comments by judges would hugely and unmanageably expand appellate jurisdiction by vastly expanding the circumstances in which appeals could be taken.[14] Appellant claims that finding jurisdiction over the bankruptcy court's comments in this case would not open the appellate floodgates because Chief Judge Brozman's comments were so uniquely offensive as to be distinguished easily from ordinary, unappealable court commentary. But appellant has articulated no comprehensible standard upon which the court could distinguish between appealable and unappealable degrees of criticism. Further, not only parties, but also attorneys, witnesses, victims, and anyone else mentioned in a court's opinion would have license to challenge comments deemed objectionable, opening the door even more widely to an unmanageable appellate docket.[15]

Second, an appeal based on critical comments alone does not necessarily present an adversarial case or controversy as required by Article III. As this kind of appeal challenges only critical language or findings, rather than the operative aspect of an order, the opposing party in the litigation often will lack an interest in the outcome, and the appeal therefore will go uncontested. This lack of adversity detracts from clear presentation of the issues.[16] Indeed, precisely this problem exists here, where the debtor filed a scant two page response brief and did not even attend the oral argument, doubtless because the outcome of this appeal makes no concrete difference to him.[17]

Third, the harm alleged by an appellant challenging unfavorable language often will be highly speculative, as is the case here.[18] Although injury to an attorney's reputation, the principal harm of which appellant complains, is not to be taken lightly,[19] unfavorable comments in an opinion are more likely to give rise only to speculations of general future harm, rather than the concrete harm necessary to present a real and immediate controversy ca-

---

14. *See In re Williams,* 156 F.3d at 90 n. 4, 91.

15. *See In re Williams,* 156 F.3d at 91; *Bolte,* 744 F.2d at 573.

16. *See, e.g., In re Williams,* 156 F.3d at 91; *Bolte,* 744 F.2d at 573. *See also Accra Pac,* 173 F.3d at 632. *Compare Herb v. Pitcairn, et al.,* 324 U.S. 117, 125, 65 S.Ct. 459, 89 L.Ed. 789 (1945) (Supreme Court will not review state court decisions that rest on adequate and independent state grounds).

17. *See also* Tr. at 26.

18. Tr. at 3–4. Appellant claims only that "this matter has gotten a tremendous amount of publicity, particularly within the bankruptcy bar" and that the case was mentioned in materials distributed at a New York State Bar Association ethics seminar. *Id.*

19. *See Williams v. United States,* 158 F.3d 50, 51 (1st Cir.1998) (Lynch J., dissenting); *Walker,* 129 F.3d at 832 ("[O]ne's professional reputation is a lawyer's most important and valuable asset.").

peal from harsh factual findings criticizing attorney conduct because critical comments are not the same as appealable sanctions); *Sun–Tek Indus. Inc. v. Kennedy Sky Lites, Inc.,* 856 F.2d 173, 176 (Fed.Cir.1988) (can appeal factual findings only in tandem with the review of judgments, but not independently); *Bolte v. Home Ins. Co.,* 744 F.2d 572 (7th Cir.1984) (refusing to hear appeal from critical comments in court order when case had settled and, therefore, appeal from the operative part of the order was moot). *See also United States v. Accra Pac. Inc.,* 173 F.3d 630, 632 (7th Cir.1999) (cannot appeal from adverse statements in an EPA administrative decision if the judgment was favorable to the appealing party); *Phillips v. Cheltenham Twshp.,* 575 F.2d 72, 73 (3d Cir.1978) (per curiam) (cannot appeal from portion of court order finding liability when damages based on this finding already were paid and thus no tangible relief can be granted); *W.W. Windle Co. v. Commissioner of Internal Revenue,* 550 F.2d 43 (1st Cir.1977) (party cannot appeal from a Tax Court judgment in its favor in order to obtain review of a finding it finds in error but that was immaterial to the final decision).

pable of judicial review.[20]

For the foregoing reasons, the Court holds that the aspect of the order from which appellant has appealed is not final and that it therefore lacks jurisdiction over the appeal. The appeal is dismissed.

█ Appellant requests, in the alternative, that the Court treat his appeal as a petition for a writ of mandamus.[21] Although mandamus is available in rare cases to strike extraordinarily objectionable language,[22] this form of relief is used sparingly and is available only where petitioner alleges concrete, immediate harm to his reputation.[23] As appellant has failed to show such harm,[24] mandamus is not available. In consequence, the petition for a writ of mandamus also is denied.

SO ORDERED.

---

**20.** *See Clark,* 972 F.2d at 820 (citing *Deakins v. Monaghan,* 484 U.S. 193, 200–01 n. 4, 108 S.Ct. 523, 98 L.Ed.2d 529 (1988)); *Accra Pac,* 173 F.3d at 632.

**21.** Appt's Br. at 26 n. 8.

**22.** *See, e.g., In re Williams,* 156 F.3d at 92–93; *Barnhill v. Security Pacific Business Credit, Inc.,* 11 F.3d 1360, 1371 (7th Cir.1993);

*Clark,* 972 F.2d at 820; *Fromson,* 886 F.2d at 1304; *Blondin v. Winner,* 822 F.2d at 973–74; *Gardiner v. A.H. Robins Co., Inc.,* 747 F.2d 1180, 1188 n. 11, 1190–94 (8th Cir.1984); *In re Calore Express,* 226 B.R. 727.

**23.** *See, e.g., Barnhill,* 11 F.3d at 1371; *Clark,* 972 F.2d at 820.

**24.** *See supra* note 18 and accompanying text.