In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-2502

DONNA L. SEYMOUR,

*Plaintiff,*

*v.*

CAROL HUG et al.,

*Defendants-Appellees.*

APPEAL OF:

 LESLIE V. MATLAW

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 2041—**Jeffrey Cole**, *Magistrate Judge.*

———————

ARGUED FEBRUARY 20, 2007—DECIDED MAY 3, 2007

———————

Before MANION, KANNE, and WOOD, *Circuit Judges.*

KANNE, *Circuit Judge.*   Attorney Leslie V. Matlaw represented plaintiff Donna Seymour in this case. Ms. Matlaw, acting on her own behalf, seeks to set aside the settlement agreement reached in this case and related orders entered by the district court. Ms. Matlaw lacks standing to bring this appeal and therefore the appeal is dismissed.

## I. HISTORY

Plaintiff Donna L. Seymour filed a lawsuit in March 2004 alleging that she had been discriminated against on the basis of race in violation of the Fair Housing Act when she tried to purchase a home in suburban Chicago. The defendants are the real estate agents, potential sellers and others associated with the contested transaction. The case was initially assigned to District Judge George M. Marovich. In August 2004, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before Magistrate Judge Ian Levin. Judge Levin retired from the bench and the Executive Committee of the Northern District of Illinois reassigned the case to Magistrate Judge Jeffrey Cole in May 2005.

In June 2005, the parties reported to Judge Cole that they had reached a settlement and were in the process of finalizing the settlement document. Judge Cole dismissed the case with leave to reinstate within sixty days and retained jurisdiction to enforce the settlement agreement. In July 2005, the parties returned to Judge Cole filing cross motions to enforce the settlement agreement.

In a thirty-seven page opinion issued in November 2005, Judge Cole granted the defendant's motion to enforce the agreement and denied the plaintiff's cross motion. He concluded that the plaintiff and her attorneys had been less than honest during the settlement proceeding. Judge Cole stated that the parties' intent during the June 2005 settlement was to reach an agreement that covered both the plaintiff's claims and her minor children's potential claims against the defendants. Although the children were not parties to the case, the plaintiff referenced alleged harm to her children in her complaint and during discovery. As such, the defendants wanted, and Judge Cole concluded that the plaintiff had agreed to, a global settlement covering both the mother's actual claims and any

potential claims by the children. To account for the children's claims, the settlement required an allocation of the total settlement amount between the plaintiff and her children.

The plaintiff and children are residents of the State of New York. Under New York law, the plaintiff does not have authority to settle her children's claims. Instead, a petition must be brought before the New York Surrogate Court which makes an independent evaluation of the children's claims to insure that the children's interests have been fairly represented. Consequently, the settlement agreement required the plaintiff to petition to the Surrogate Court and obtain approval as a condition of settlement. The settlement agreement also required the plaintiff to bear the costs of petitioning the Surrogate Court.

Judge Cole concluded that the plaintiff and her attorneys acted improperly in their representations to the defendants during the settlement and in their petition to the Surrogate Court. According to Judge Cole, the plaintiff decided that the entire settlement amount should go to her and none should be allocated to the children. To achieve this goal, the petition to the Surrogate Court incorrectly represented that the children had no independent claims and therefore had no interest affected by the settlement agreement. The language in the settlement agreement was also altered to make it appear that it did not cover any potential claims by the children. Judge Cole concluded that the plaintiff and her attorney had deceived both the Surrogate Court and the defendants because the children's potential claims had been an integral part of the original settlement. Judge Cole ordered the plaintiff and her attorneys to make a second petition to the Surrogate Court and readjust the settlement agreement to properly reflect the parties' agreement as to the children's potential claims. Judge Cole also met

informally with the parties and suggested that the defendants be compensated for the attorney's fees incurred for enforcing the settlement agreement. The plaintiff filed a motion for reconsideration a week after the original opinion but Judge Cole denied the motion.

In April 2006, Judge Cole entered the new settlement agreement reached by the parties. He again dismissed the case with leave to reinstate, this time within ninety days, and also stated that he would retain jurisdiction to enforce the settlement. Two weeks later, Ms. Matlaw, on her own behalf and before Judge Marovich, filed objections to the settlement agreement pursuant to Rule 72 of the Federal Rules of Civil Procedure. Ms. Matlaw objected to Judge Cole's findings that she had been dishonest in the settlement proceedings and before the Surrogate Court. She also argued that the April 2006 settlement had effectively reduced the amount of attorney's fees and costs that she would receive.

Apparently, in light of Judge Cole's November 2005 order, the parties had allocated a portion of the original settlement amount to the defendants' attorney's fees incurred in enforcing the settlement agreement. Ms. Matlaw stated that she was to receive a percentage of the award received by the plaintiff. Consequently, her fee amount was reduced under the April 2006 settlement agreement because the overall amount awarded to the plaintiff was less. However, the April 2006 settlement agreement does not mention Ms. Matlaw or any payment of fees to her. Any agreement between her and the plaintiff relating to fees was done separately and not placed in the April 2006 settlement agreement.

Judge Marovich issued an order on May 19, 2006 denying Ms. Matlaw's objections and informing her that his participation in the case ended when the parties consented to the magistrate judge's jurisdiction back in

August 2004. His order cited 28 U.S.C. § 636(c)(3) and informed Ms. Matlaw that the appropriate procedure was a direct appeal to the court of appeals. Ms. Matlaw then filed a notice of appeal on May 26, 2006 appealing Judge Marovich's denial of her Rule 72 objections and Judge Cole's November 2005 opinions. Ms. Matlaw presently characterizes her Rule 72 objections as a Rule 59 motion. In July 2006, Ms. Matlaw filed a Rule 60 motion before Judge Cole to amend the April 2006 settlement agreement arguing that there had been a mutual mistake of fact and law by the parties. Judge Cole denied Ms. Matlaw's Rule 60 motion in August 2006. During the briefing of this appeal, the defendants filed a motion with this court arguing that Ms. Matlaw's appeal is frivolous and that she should be sanctioned pursuant to Rule 38 of the Federal Rules of Appellate Procedure. The defendants also have a pending motion for sanctions before Judge Cole.

## II. ANALYSIS

Ms. Matlaw seeks to overturn the April 2006 settlement agreement and Judge Cole's November 2005 and July 2006 opinions that were critical of her conduct in this case. She argues that she is able to bring this appeal on her own behalf because: (1) Judge Cole's opinions have negatively affected her reputation, and (2) the April 2006 settlement agreement has effectively reduced the amount of attorney's fees and costs she would have otherwise recovered in this case.

The "general rule [is] that a nonparty cannot challenge on appeal the rulings of a district court." *Gautreaux v. Chicago Hous. Auth.*, 475 F.3d 845, 850 (7th Cir. 2007) (citing *Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam); *B.H. ex rel. Pierce v. Murphy*, 984 F.2d 196, 199 (7th Cir. 1993)). We have recognized that an attorney can

bring an appeal on her own behalf when challenging a district court decision imposing monetary sanctions on the attorney, but this rule does not allow an appeal of otherwise critical comments by the district court when no monetary sanctions have been imposed. *Crews & Assoc., Inc. v. United States*, 458 F.3d 674, 677 (7th Cir. 2006); *Clark Equip. Co. v. Lift Parts Mfg. Co. Inc.*, 972 F.2d 817, 820 (7th Cir. 1992) (citing *Bolte v. Home Ins. Co.*, 744 F.2d 572, 573 (7th Cir. 1984)). Judge Cole has not imposed a monetary sanction on Ms. Matlaw in this case and therefore she cannot base her appeal on the alleged damage to her professional reputation regardless of how harmful Judge Cole's comments might have been.

Ms. Matlaw notes that our position of limiting an appeal to monetary sanctions conflicts with the positions taken by other circuits. We recognize that other circuits allow appeals involving critical comments but those circuits have split among themselves over whether the district court must formally sanction the attorney to allow the appeal or whether critical comments by themselves, without a formal sanction, are sufficient for an appeal. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 542-44 (3d Cir. 2007); *Bulter v. Biocore Med. Tech., Inc.*, 348 F.3d 1163, 1166-69 (10th Cir. 2003); *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1350-53 (Fed. Cir. 2003); *In re Williams*, 156 F.3d 86 (1st Cir. 1998) (discussing the positions of the various circuits in this area of law).

We reaffirm our decision that it is appropriate to limit an appeal to situations involving monetary sanction only. This limitation on our jurisdiction is based on the realization that allowing appeals by those allegedly harmed by a judge's comments, including "[l]awyers, witnesses, victorious parties, victims, [and] bystanders" would result in a "breathtaking expansion in appellate jurisdic-

tion." *Bolte*, 744 F.2d at 573; *see also Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & Von Gontard, P.C.*, 385 F.3d 737, 740 (7th Cir. 2004) ("Jurisdictional rules ought to be simple and precise so that judges and lawyers are spared having to litigate over not the merits of a legal dispute but where and when those disputes shall be litigated. The more mechanical the application of a jurisdictional rule, the better.") (internal citations and quotations omitted). Our rule faithfully adheres to the traditional maxim that as an appellate court we "review . . . judgments, not statements in opinions." *E.E.O.C. v. Chicago Club*, 86 F.3d 1423, 1431 (7th Cir. 1996) (quoting *Black v. Cutter Lab.*, 351 U.S. 292, 297 (1956)); *see, e.g.*, *Acevedo v. Canterbury*, 457 F.3d 721, 723 (7th Cir. 2006) ("'[W]e review judgments, not opinions.'") (quoting *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). Finally, as we recognized in *Bolte*, an attorney who believes that she has been wronged is not without a remedy because a petition for a writ of mandamus is available. 744 F.2d at 573.

Ms. Matlaw's other argument for standing is that she has effectively lost money in this case because the April 2006 settlement agreement resulted in reducing the amount of attorney's fees that she was otherwise to receive. However, her claim to attorney's fees was not spelled out in the settlement agreement and it was plaintiff Seymour's actions in this case that resulted in the April 2006 settlement and the alleged reduction in Ms. Matlaw's attorney's fees. Thus, any dispute over whether Seymour's actions breached the client agreement is between Seymour and Ms. Matlaw. This is a traditional contract claim that should be brought in another proceeding. There is no need for the district court to exercise supplemental jurisdiction over this dispute because the original federal claims have already been dismissed. *See* 28 U.S.C. § 1367(c); *Baer v. First Options of Chicago, Inc.*,

72 F.3d 1294, 1298-1301 (7th Cir. 1995) (noting a district court's ability to exercise supplemental jurisdiction over a fee dispute between an attorney and client when the agreement to award attorney's fees is codified in the settlement agreement).

Finally, we note the defendant's pending Rule 38 motion for sanctions. A pending motion for sanctions is also before Judge Cole. We conclude that it is better to allow Judge Cole to evaluate that motion first and therefore we deny the defendants' Rule 38 motion. We also note our view that it is in the best interest of all involved that this case be at an end.

## III.  CONCLUSION

The appeal is dismissed for want of jurisdiction. The defendant's motion for sanctions of June 23, 2006 is denied.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*