NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 21, 2009
Decided December 14, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 09-1050

| | |
|---|---|
| JOHN W. CHWARZYNSKI, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 07 C 2102 |
| ROBERT TEBBENS, *et al.,* | |
| *Defendants-Appellees.* | Ronald A. Guzman, *Judge.* |

**O R D E R**

On April 16, 2007, John Chwarzynski, then-President of Chicago Fire Fighters Union Local 2 (the "Union"), filed suit on behalf of the Union against ten executive board members (collectively the "Local defendants") and the International Association of Fire Fighters and four of its officers (collectively the "International defendants") for alleged violations of RICO, federal labor laws, the Chicago false claims act, and state tort law. These charges fall into two principal classes of allegations: that the Local defendants defrauded the City and the Union by requesting salary and expenses for activities they never intended to complete, and that Local and International defendants conspired to

prosecute false disciplinary charges against Chwarzynski while failing to prosecute legitimate charges against Local defendant Tebbens to cover up their fraud.

Early in the litigation, the defendants and the district court both told Chwarzynski that the suit could not be filed in the name of the Union and that most of the claims asserted were legally unfounded. In the face of the court's advice, Chwarzynski soldiered on for more than eight months (eventually substituting himself as sole plaintiff), until he finally dismissed the action voluntarily in December 2007. In response to a motion by the defendants, the district court imposed sanctions in the amount of $15,342.25 jointly and severally against Chwarzynski and his attorney, James Maher, under FED. R. CIV. P. 11 and 28 U.S.C. § 1927.

Chwarzynski appealed the sanctions order to this court, but Maher did not. On March 17, 2009, this court issued an order confirming that the appeal is limited to a review of the sanctions order against plaintiff Chwarzynski only. Had attorney Maher wanted to appeal the sanctions order against him, he would have had to file his own notice of appeal. Since Maher did not file a notice of appeal, the defendants proceed to collect the full $15,324.25 fine from Liberty Mutual Surety, which paid on a bond that it had issued on Maher's behalf.

A case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969). See *United States v. Balint,* 201 F.3d 928, 936 (7th Cir. 2000) (finding that the payment of restitution by some jointly and severally liable defendants rendered moot the appeal of other jointly and severally liable defendants challenging the order for restitution). With the fine paid, Chwarzynski's monetary interest in this appeal disappeared. And this court has repeatedly held that it is appropriate to limit appeals of sanctions orders to situations involving monetary sanctions only. *E.g., Seymour v. Hug*, 485 F.3d 926, 929 (7th Cir. 2007). Even if this court could rule in favor of Chwarzynski, he would have no cognizable interest in the outcome.

In response to a request for supplemental briefing on this issue, Chwarzynski states that:

> Mr. Chwarzynski's interest clearly differs from that of his counsel because if Mr. Chwarzynski prevails on this appeal he will personally collect the amount of the sanction award in the sum of $15,324.25 from his counsel's malpractice insurance carrier in settlement of his legal malpractice claim against his counsel.

(Citing the Release Agreement between Mr. Chwarzynski and Liberty Mutual Insurance Company.) Chwarzynski's possible malpractice claim against Maher implicates a separate dispute between him and his lawyer. A party cannot establish an interest in one case by making separate contractual obligations contingent on its outcome. We must therefore reject Chwarzynski's attempt to keep this case alive by reference to a collateral proceeding. We note in passing that it is not even clear that Chwarzynski's success on this appeal would trigger the Release Agreement provision, since that agreement requires Chwarzynski to overturn the sanctions award and avoid liability for payment of that award. But that is of no immediate importance. With the fine fully paid, Chwarzynski no longer has any legally cognizable interest in this appeal. We therefore DISMISS it as moot.