In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 22-2111

KURTIS M. BAILEY,

*Plaintiff,*

and

ANDREW W. SHALABY,

*Appellant,*

*v.*

WORTHINGTON CYLINDER CORPORATION and
WORTHINGTON INDUSTRIES, INC.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
1:16-cv-07548 — **Philip G. Reinhard**, *Judge.*

_____

SUBMITTED JANUARY 17, 2024 — DECIDED JANUARY 22, 2024[*]

_____

[*] This appeal is successive to No. 20-2689, in which we addressed Mr. Shalaby's challenges to several actions of the Executive Committee of the United States District Court for the Northern District of Illinois, which was in turn successive to No. 19-2369, in which this court affirmed a decision by the Executive Committee to deny Mr. Shalaby's application to join the bar of the district court. To the extent possible, this appeal has been submitted to the earlier panel under Operating Procedure 6(b), and a third

_____

Before EASTERBROOK, HAMILTON, and BRENNAN, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Appellant Andrew Shalaby is a California attorney who seeks appellate review of a district court order revoking his *pro hac vice* admission in this lawsuit. Mr. Shalaby contends that the district court's order violated his First Amendment rights and was based on legal and factual errors, including a repetition of what he says was a factual error about him in an earlier Ninth Circuit decision. Before Mr. Shalaby filed this appeal, though, the parties to this lawsuit reached a settlement agreement that resolved all outstanding issues between them, and the court dismissed the case with prejudice. Under these circumstances, Mr. Shalaby's interest in vindicating his reputation does not present us with a claim of a redressable injury. Because no case or controversy remains, we dismiss Mr. Shalaby's appeal for lack of jurisdiction.

I.   *Factual & Procedural Background*

Mr. Shalaby is an attorney licensed to practice in California. In 2016, he was admitted *pro hac vice* to appear for the plaintiff before the Northern District of Illinois in this products-liability lawsuit. The defendants later moved to revoke Mr. Shalaby's *pro hac vice* admission. As grounds, defendants asserted that Mr. Shalaby had filed frivolous motions,

_____

randomly selected judge has taken the place of Judge Bauer. We have agreed to decide the case without oral argument because argument would not significantly aid our decision-making process. See Fed. R. App. P. 34(a)(2)(C).

disregarded court rulings, and, when he filed his *pro hac vice* application, failed to disclose prior disciplinary actions by two other courts. Then-Magistrate Judge Johnston denied the defendants' motion. He reasoned that, although he had reservations about Mr. Shalaby's behavior, his actions were not contemptuous, so revocation of his *pro hac vice* admission would be too drastic a remedy.

The defendants objected and asked District Judge Reinhard to review that decision under Federal Rule of Civil Procedure 72(a). Judge Reinhard ordered Mr. Shalaby to show cause why he should not have his *pro hac vice* admission revoked. The court was concerned about new conduct that Mr. Shalaby had engaged in after Magistrate Judge Johnston denied the defendants' motion to revoke Mr. Shalaby's *pro hac vice* admission. This behavior included, among other things, making repeated false statements about Magistrate Judge Johnston when Mr. Shalaby had argued that the magistrate judge should recuse himself under 28 U.S.C. § 455(b)(2). Mr. Shalaby had asserted that the magistrate judge had a conflict because he had been employed previously by a law firm whose attorneys represented the defendant opposite Mr. Shalaby in a different case. Judge Johnston had disclosed to Mr. Shalaby back in 2017 that he had stopped working for that firm months before the firm appeared in the separate matter, but Mr. Shalaby insisted that the judge's employment overlapped with the appearance.

In February 2019, Judge Reinhard entered a detailed 48-page order revoking Mr. Shalaby's *pro hac vice* admission. *Bailey v. Bernzomatic*, 2019 WL 410419 (N.D. Ill. Feb. 1, 2019). The judge concluded that, after Magistrate Judge Johnston had denied the motion to revoke Mr. Shalaby's *pro hac vice*

admission, Mr. Shalaby had made more false statements, lied about facts to the court, and misstated the court's orders. Judge Reinhard found that revocation of Mr. Shalaby's *pro hac vice* admission was necessary to preserve the integrity of the proceedings and to prevent further falsehoods.

Mr. Shalaby appealed twice. The first time, we informed him that, as explained in *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 440 (1985), the decision to revoke his admission was not immediately appealable under the collateral-order doctrine, and that any review would have to await final judgment. *Bailey v. Worthington Cylinder Corp.*, No. 19-1240, 2019 WL 3763951 (7th Cir. June 18, 2019); see also *Bailey v. Worthington Cylinder Corp.*, No. 19-1265, 2019 WL 3797646 (7th Cir. June 18, 2019) (dismissing parallel appeal). After the suit underlying the current appeal was dismissed with prejudice in June 2022 pursuant to the parties' settlement agreement, Mr. Shalaby filed this appeal.

II.  *Standing*

A.  *General Standards*

Whether to grant or revoke a *pro hac vice* admission are matters addressed to the sound discretion of the district court. See *Royce v. Michael R. Needle P.C.*, 950 F.3d 939, 954 (7th Cir. 2020). We do not reach the merits of this appeal, however, because no enduring case or controversy authorizes our jurisdiction.

Article III of the United States Constitution limits the jurisdiction of federal courts "to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Jurisdiction requires an ongoing case or controversy throughout all stages of litigation, including direct appeals.

E.g., *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997), citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); see also *Speech First, Inc. v. Killeen*, 968 F.3d 628, 645 (7th Cir. 2020); cf. *Chicot County Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376–77 (1940) (rejecting collateral challenge to jurisdiction when challenge could have been asserted before judgment had become final).

One core element of the case-or-controversy requirement is that a plaintiff must have standing—a "'personal stake' in the case"—to invoke "the federal judicial power" to resolve the dispute. *Ramirez*, 594 U.S. at 423, quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997). To establish standing, the plaintiff must allege and ultimately prove to have suffered an injury that satisfies three requirements: the injury must be (1) concrete, particularized, and actual or imminent, (2) caused by the defendant, and (3) likely to be redressed by a favorable judgment. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

B. *Redressability*

Even if we assume that Mr. Shalaby suffered a concrete injury caused by the defendants (thus satisfying the first two criteria), the defendants argue that his alleged injury cannot be redressed by judicial action. "If at any point the plaintiff would not have standing to bring suit at that time, the case has become moot," and we cannot render judgment on the merits. *Milwaukee Police Ass'n v. Board of Fire & Police Comm'rs of City of Milwaukee*, 708 F.3d 921, 929 (7th Cir. 2013).

The defendants are correct. Redressability "turns on the connection between the alleged injury and the judicial relief requested." *Pavlock v. Holcomb*, 35 F.4th 581, 588 (7th Cir. 2022)

(citation omitted). Granting Mr. Shalaby's requested relief—reinstating his *pro hac vice* admission and allowing him to appear only in the underlying case—was no longer possible when he filed this appeal and is not possible now. See N.D. Ill. L.R. 83.14 (authorizing admission *pro hac vice*). If we were to examine the merits of the appeal and rule that the district judge abused his discretion by revoking Mr. Shalaby's *pro hac vice* admission, we could not fashion any effective relief. The case was dismissed with prejudice after the parties settled. Mr. Shalaby has no case to return to and no client to represent. See *Crews & Assocs., Inc. v. United States*, 458 F.3d 674, 676–77 (7th Cir. 2006).[1]

We have considered whether Mr. Shalaby can establish a live case or controversy by trying to undo damage to his reputation caused by the district court's findings. When a court imposes formal sanctions on a lawyer, such as disbarment, suspension, monetary penalties, and even a formal reprimand, the lawyer suffers an injury that can support standing for an appeal. See *Martinez v. City of Chicago*, 823 F.3d 1050, 1056–57 (7th Cir. 2016) (lawyer's reputational interest gave her standing to appeal sanction even after client paid monetary sanctions); *In re Palmisano*, 70 F.3d 483, 484–85 (7th Cir. 1995) (standing to appeal disbarment). But cf. *Seymour v. Hug*, 485 F.3d 926, 929 (7th Cir. 2007) ("an attorney can bring an

---

[1] Mr. Shalaby suggests that reversal might lead his former client, Mr. Bailey, to seek rescission of the settlement agreement so that he could reopen his case against defendants with Mr. Shalaby as counsel. We will not speculate whether Mr. Bailey has any interest in pursuing that path, including repaying to defendants the sums he received under the 2022 settlement. He has not appeared in this appeal, and he has expressed no such interest. His hypothetical interest in any event would not establish standing for attorney Shalaby to pursue this appeal.

appeal on her own behalf when challenging a district court decision imposing monetary sanctions on the attorney, but this rule does not allow an appeal of otherwise critical comments by the district court when no monetary sanctions have been imposed"); *Bolte v. Home Insurance Co.*, 744 F.2d 572 (7th Cir. 1984) (challenge to an order reprimanding two lawyers but not imposing monetary sanctions was not appealable).

Does that reasoning based on a lawyer's reputational interest extend to an order revoking a *pro hac vice* admission when the parties have settled and dismissed the underlying lawsuit? We conclude that it does not. The Federal Circuit addressed the effect of a settlement under similar circumstances. In a patent case, *Tesco Corp. v. National Oilwell Varco, L.P.*, 804 F.3d 1367, 1377, 1379 (Fed. Cir. 2015), a jury had rendered a verdict in favor of the plaintiff. After post-trial discovery, the district court found that plaintiff's lawyers had made false representations to the court at trial. The court dismissed the case with prejudice to sanction the plaintiff for its lawyers' misconduct. The district court's order was highly critical of the plaintiff's lawyers.

The plaintiff and its lawyers appealed. While the appeal was pending, though, the parties and plaintiff's lawyers reached a settlement that resolved all issues, except that the settlement purported to preserve the lawyers' right to continue to pursue the appeal to challenge what they asserted were the district court's erroneous criticisms of their conduct. *Id.* at 1373. The Federal Circuit dismissed the appeal for lack of standing. The court bypassed the question whether the district court's order was a formal sanction sufficient to support an appeal. The court instead based dismissal on the lack of a

redressable injury. *Id*. at 1377–78. "Once all parties entered into the settlement agreement, no party—except the Attorneys for reputational reasons—had any enduring interest in the underlying order," and reputational concerns alone were insufficient to justify appellate jurisdiction where the case was dismissed with prejudice. *Id.* at 1377. (Judge Newman dissented. 804 F.3d at 1379–86.)

In *Tesco*, the Federal Circuit followed our decision in *Clark Equipment Co. v. Lift Parts Manufacturing Co.*, 972 F.2d 817, 819–20 (7th Cir. 1992) (dismissing appeal and noting that appellate courts review judgments, not opinions), and the First Circuit's decision in *In re Williams*, 156 F.3d 86, 87 (1st Cir. 1998) (dismissing appeal challenging only bankruptcy court's findings criticizing attorneys' conduct). See also *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (agreeing with *Williams* that "words themselves do not constitute sanctions" and do not independently support right to appeal, but reviewing sanction restricting attorney's right to file objections to proposed class action settlement agreements).[2]

The problem for Mr. Shalaby is that the district court issued no formal sanction against him, such as in *Martinez* and *Palmisano*. Rather, it removed the privilege of appearing *pro hac vice.* See *Royce*, 950 F.3d at 954. Here, there would be no relief that we could grant Mr. Shalaby, such as by reinstating his admission *pro hac vice*. The underlying case is over, having been dismissed with prejudice pursuant to the settlement. We recognize that the district court's decision criticized Mr.

---

[2] In *Martinez v. City of Chicago*, 823 F.3d 1050, 1057 (7th Cir. 2016), we overruled *Clark Equipment* in part, to the extent it deemed a formal but nonmonetary sanction not appealable. *Id*. at 1057.

Shalaby harshly, but "critical comments by a district judge" are not in themselves appealable orders. *Bolte*, 744 F.2d at 573. That general point from *Bolte* has remained constant through *Clark Equipment* and *Martinez*.

We also recognize that a court's findings can harm a lawyer's reputation. But a court's findings can also harm other reputations, of parties, witnesses, and others. See *Tesco*, 804 F.3d at 1375 ("[C]ritical comments by a court may adversely affect a third party's reputation. But the fact that a statement made by a court may have incidental effects on the reputations of nonparties does not convert the court's statement into a decision from which anyone who is criticized by the court may pursue an appeal."), quoting *Nisus Corp. v. Perma-Chink Systems, Inc.*, 497 F.3d 1316, 1319 (Fed. Cir. 2007) (attorney criticized in district court decision could not intervene or otherwise appeal those findings in absence of formal sanctions); accord, *Williams*, 156 F.3d at 91 (lawyers, witnesses, victorious parties, victims, bystanders criticized by district judge could appeal if they could show criticism might lead to tangible consequences such as loss of income), quoting *Bolte*, 744 F.2d at 573.

We conclude with a final comment about timing. Given that Mr. Shalaby's earlier appeal was premature and this appeal comes too late, it might seem as though he never had an opportune time to appeal the district court's decision. That is not correct. If a party is "absolutely determined that it will be harmed irreparably, a party may seek to have the question certified for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b), and, in the exceptional circumstances for which it was designed, a writ of mandamus from the court of appeals might be available." *Firestone Tire & Rubber Co. v.*

*Risjord*, 449 U.S. 368, 378 (1981). Thus, if Mr. Shalaby's situation called for necessary appellate intervention, he was not completely without possible recourse. We add, however, that this particular order is not one for which we would find a writ of mandamus appropriate. See *Williams*, 156 F.3d at 92–93 (mandamus must be employed sparingly, only where right to relief is clear and indisputable). Any right to relief that Mr. Shalaby might have here is certainly not clear and indisputable.

DISMISSED