Howard A. FROMSON,
Plaintiff–Appellee,

v.

CITIPLATE, INC., Charles Cusumano
and Joseph Cusumano,
Defendants–Appellants,

and

Robert S. Stoll, Appellant.

Nos. 89–1193, 89–1194, 89–1263, 89–1264,
89–1295 and 89–1296.

United States Court of Appeals,
Federal Circuit.

Oct. 2, 1989.

John E. Lynch, Felfe & Lynch, New York City, argued for plaintiff-appellee. With him on the brief was Alfred H. Hemingway, Jr.

Guy R. Fairstein, Summitt, Rovins & Feldesman, New York City, Pasquale A. Razzano, Curtis, Morris & Safford, P.C., New York City, argued for defendants-appellants and Henry Putzell, atty. for Robert S. Stoll, New York City, argued for appellant. On the briefs were Ira G. Greenberg, Summit, Rovins & Feldesman, New York City, for defendants-appellants, of counsel, Theodore F. Shiells, Curtis, Morris & Safford, P.C., New York City, for

defendants-appellants, of counsel and Robert S. Stoll, Stoll, Previto & Hoffman, New York City, as appellant, of counsel.

Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and NEWMAN, Circuit Judge.

MARKEY, Chief Judge.

Citiplate, Inc. (Citiplate), Charles Cusumano and Joseph Cusumano (collectively the Cusumanos) appeal from a judgment of the United States District Court for the Eastern District of New York (Nickerson, J.): (1) holding claims 1, 4, 6, 7, 12, and 16 of Howard A. Fromson's (Fromson) United States Patent No. 3,181,461 not invalid, enforceable, and infringed by Citiplate; (2) awarding Fromson compensatory damages, increased damages, and attorney fees; and (3) adding the Cusumanos as defendants personally liable on the judgment. The district court's opinion criticized (as a "sanction") the discovery conduct of Citiplate's counsel Robert S. Stoll (Stoll). Stoll challenges that action of the court. We affirm the judgment in all respects and decline to disturb the district court's criticism of Stoll's conduct.

## BACKGROUND

### Introduction

Lithography, the patent, the prior art, and the proceedings in the United States Patent and Trademark Office are fully described in earlier opinions. *See Fromson v. Advance Offset Plate, Inc.,* 720 F.2d 1565, 219 USPQ 1137 (Fed.Cir.1983) (*Fromson I*); *Fromson v. Advance Offset Plate, Inc.,* 755 F.2d 1549, 225 USPQ 26 (Fed.Cir. 1985) (*Fromson II*); *Fromson v. Advance Offset Plate, Inc.,* 837 F.2d 1097 (Fed.Cir. 1987) (*Fromson III*) (unpublished); *Fromson v. Western Litho Plate and Supply Co.,* 853 F.2d 1568, 7 USPQ2d 1606 (Fed. Cir.1988) (*Fromson IV*).

### The District Court Proceedings

Fromson sued Citiplate for infringement on April 12, 1982, shortly before the pat-

ent's May 3, 1982 expiration date. The court stayed proceedings pending resolution of *Fromson I* and *Fromson II*. The stay being lifted, Fromson moved for partial summary judgment that the patent was infringed and not invalid, and that the infringement was willful. Citiplate cross-moved for summary judgment of invalidity, non-infringement, laches, and estoppel.[1]

In an October 14, 1987 MEMORANDUM AND ORDER, reported at 671 F.Supp. 195, 5 USPQ2d 1198, the district court granted partial summary judgment that Citiplate had not shown claim 4 invalid and had infringed claims 1, 4, 6, 7, 12, and 16. The district court denied summary judgment on validity of claims 1, 6, 7, 12, and 16, and on willfulness, laches, and estoppel.

On March 14, 1988, before trial, Fromson moved pursuant to Rules 15(a) and 21, Fed. R.Civ.P., to add the Cusumanos as defendants based on rumors of Citiplate's financial difficulties. On May 20, 1988, relying on Citiplate's representation that it was in sound financial condition, the district court denied that motion.

Trial was conducted on June 13, 14, 15 and 16, 1988.

In a November 10, 1988 post trial OPINION AND ORDER, reported at 699 F.Supp. 398, 9 USPQ2d 1506, the district court: (1) held claims 1, 6, 7, 12, and 16 not invalid; (2) dismissed laches and estoppel as bars to assertion of the patent; (3) found Citiplate's infringement willful; (4) determined a reasonable royalty to be 4.78% for wipe-on plates and 3.1% for pre-sensitized plates; (5) awarded pre-judgment interest, (6) trebled damages; (7) awarded Fromson attorney fees; and (8) commented unfavorably on the conduct during discovery of Citiplate's counsel Stoll. The court entered judgment against Citiplate on December 6, 1988 in the amount of $2,870,337.36 in damages, $1,183,930.71 in prejudgment interest, and $415,909.26 in attorney fees.

On December 21, 1988, Citiplate filed a voluntary bankruptcy petition.

---

1. Citiplate's motion also alleged unenforceability because of inequitable conduct before the PTO. That contention was rejected by the district court and is not presented on this appeal.

In a January 23, 1989 MEMORANDUM AND ORDER, reported at 10 USPQ2d 1785, the court allowed Fromson to amend his original complaint, adding the Cusumanos as defendants as of the date of the original pleading under 'Rule 15(c), Fed.R. Civ.P. The district court found, in light of the liberal construction given Rule 15(c) in the Second Circuit, *see, e.g., Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (2d Cir.1983), that: (1) Fromson's claim against the Cusumanos arises out of the same conduct set forth in the original pleadings, i.e. infringement of the patent; (2) the Cusumanos had notice sufficient to avoid prejudice to their defense and should have known that the action could have been brought against them; and (3) the Cusumanos are not prejudiced because corporate officers may be personally liable when they personally participated in patent infringement or directed participation of others. The court entered judgment against Citiplate and the Cusumanos on January 26, 1989 in the amounts above indicated.

Familiarity with the opinions in *Fromson I, II, III, and IV*, and the opinions of the district court in this case is assumed.

### ISSUES

On appeal Citiplate engages in a tour-de-force, arguing that: (1) the patent claims are invalid under 35 U.S.C. § 102 (1982); (2) the claims are invalid under 35 U.S.C. § 103 (1982); (3) laches barred Fromson's claim; (4) the damages found were unwarranted; (5) pre-judgment interest was unwarranted; (6) infringement was not willful; (7) this was not an exceptional case; (8) attorney fees were unwarranted; (9) entry of the January 26, 1989 judgment against Citiplate was unwarranted.[2] The Cusumanos say it was error to allow relation back of the Fromson amendment that added them as defendants. Stoll says the district court should not have sanctioned by criticism his conduct during discovery.

[2] Citiplate's scatter-gun approach to appellate advocacy is merciless on this court and wasteful

### OPINION

This court of review will not aid efforts of appellants to retry their cases on appeal. *See Fromson IV*, 853 F.2d at 1570, 7 USPQ2d at 1608. The present appellants, disregarding much of what the district court said and did, should take heed of the Supreme Court's admonition: "the trial on the merits should be 'the main event rather than a tryout on the road.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

### Citiplate's Appeal

Because Citiplate has not shown that the district court committed reversible error, it would serve no useful purpose to discuss the details of each of Citiplate's arguments, or to repeat what was said in *Fromson I, II, III, and IV* and in the district court's opinions here. The exercise would result only in an unduly long and verbose opinion. On the record presented, and upon full consideration of the plethora of issues argued by Citiplate, it is sufficient to say that we can detect no error of the district court in: (1) recognizing the statutory presumption of validity, 35 U.S.C. § 282 (1982), on summary judgment and stating that "drawing all permissible inferences and resolving all significant doubts in favor of Citiplate," it determined that Citiplate had not shown the existence of clear and convincing evidence by which Citiplate might prove facts requiring a legal conclusion that Claim 4 is invalid; (2) determining that the claims in suit were not invalid for anticipation; (3) determining that Silver's work was not prior art under 35 U.S.C. § 102(a) or § 102(g) (1982); (4) determining that the claimed invention would not have been obvious, 35 U.S.C. § 103 (1982); (5) rejecting Citiplate's laches defense after finding that "Fromson is not chargeable with knowledge of Citiplate's infringement within six years before he filed suit"; (6) relying on Fromson's unrebutted testimony, in considering Ano–Coil's profits and using conversion ratios of 2 for wipe-on plates and 3 for pre-sensitized

of client resources.

plates in the course of determining a reasonable royalty; (7) not applying the damage calculation in prior opinions because the infringers and periods of infringement were different in those earlier cases; (8) not considering license offers to other infringers in determining a reasonable royalty in light of *Fromson IV*, 853 F.2d at 1577 n. 15, 7 USPQ2d at 1614 n. 15.; (9) awarding pre-judgment interest; (10) finding Citiplate's infringement willful and awarding increased damages accordingly; and (11) finding this an exceptional case and awarding attorney fees accordingly. *See* 35 U.S.C. §§ 284–285 (1982).

Citing no authority, Citiplate argues that the district court should not have entered its January 26, 1989 judgment against Citiplate because the December 6, 1988 judgment was in place and because Citiplate had filed for bankruptcy, thus staying adverse actions after December 21, 1988. Citiplate moved to vacate the January 26, 1989 judgment under Rule 60, Fed.R. Civ.P.[3] On this appeal, however, it provides no citation to the record of pages containing the district court's reasons for denying its motion, and Fromson does not respond to Citiplate's arguments on the motion. Citiplate misdescribes the January 26, 1989 judgment as a "separate new judgment." That judgment is identical, respecting Citiplate, to the December 6, 1988 judgment by which Citiplate is bound. As Citiplate recognizes in its brief, the district court stated that the January 26, 1989 judgment constituted no basis for a second recovery against Citiplate. Citiplate's concern that a reviewer of only the docket would draw conclusions from the entry of two judgments is conjectural and prema-

ture. Citiplate's attack on the presence of the January 26, 1989 judgment is specious.

### *Cusumanos' Appeal*

■ Rule 15(c) sets forth the test for determining whether an amendment relates back to the date of the original pleading. *See generally* 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1498 (1971 & Supp.1989).[4] The Supreme Court has rejected a requirement for choosing between a "liberal" or "technical" interpretation of Rule 15(c). *Schiavone v. Fortune*, 477 U.S. 21, 30, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986). In *Schiavone* the Court noted the plain language of the Rule and stated:

> [r]elation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Id.* at 29, 106 S.Ct. at 2384.

The Cusumanos argue that: (1) they were prejudiced because they were unaware that their own liability was a possibility and because they were denied a right to trial by jury, and (2) the mistake did not concern "the identity of the proper party" but rather the ability of Citiplate to satisfy the judgment.

---

**3.** Citiplate improperly argues that the district court should have amended the January 26, 1989 judgment under Rule 59(e), Fed.R.Civ.P. Citiplate nowhere indicates that it filed any motion under Rule 59(e) and the appendix reflects none.

**4.** Rule 15(c) provides in pertinent part:
[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment chang-

ing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

We agree with the district court that the identity of interests between Citiplate and the Cusumanos is "virtually complete" and that the Cusumanos "should have known all along that joinder was a possibility." The Cusumanos each own 50% of Citiplate. Charles Cusumano is the founder and president of Citiplate and Joseph Cusumano is Citiplate's chairman, treasurer and secretary. The Cusumanos are the sole directors of Citiplate. Both attended the entire trial. As the district court found, Charles Cusumano conceived and developed the infringing plates. Finally, the Cusumanos were directly notified by Fromson's pretrial motion that Fromson considered them proper parties-defendant.

The Cusumanos' assertion of prejudice is thus ill-founded. The cases are legion holding corporate officers and directors personally liable for "participating in, inducing, and approving acts of patent infringement" by a corporation. *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1579, 1 USPQ2d 1081, 1091 (Fed.Cir.1986). Here the district court expressly found that the Cusumanos "plainly participated in and approved of the infringement of plaintiff's patent." Hence, the Cusumanos could not have been surprised when Fromson moved before trial to add them as defendants. Moreover, the Cusumanos resisted that motion on the basis of false assurances that Citiplate was solvent. Thus the Cusumanos themselves created the "mistake" respecting the identity of the proper party rightfully to be sued and capable of responding in damages. Clearly, the Cusumanos could have had the jury trial they now say they were denied, simply by acceding to the amendment. It comes with poor grace when the Cusumanos object on appeal that the law should not, as it often does in similar contexts, require them to continue lying in a bed of their own making.

We find no reversible error in the district court's allowing Fromson's amendment adding the Cusumanos as defendants to relate back to the original pleading.

**5.** Fromson's brief alleges additional instances of misconduct and Stoll argues that he is denied due process in relation to those instances. The court did find that Stoll increased costs by ob-

### Stoll's Appeal

■ Stoll's brief says he appeals from "the opinion". There is no judgment imposing any monetary or other sanction on him. Though appeals are from judgments and efforts to expunge a district court's comments from its opinion would appear to be more appropriately the substance of a petition for mandamus, the Second Circuit has allowed a chastised attorney to intervene as a party to the appeal of his client, *Penthouse Int'l, Ltd. v. Playboy Enters., Inc.*, 663 F.2d 371, 373 (2d Cir.1981), and has, in denying an appeal by counsel solely because he was not named appellant, implied that counsel may "appeal" when, as here, counsel is a named appellant. *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d Cir.1988). It thus appears that Stoll's appeal is permissible under the discernible law of the Second Circuit. In *Sun–Tek Indus., Inc. v. Kennedy Sky Lites, Inc.*, 856 F.2d 173, 176, 8 USPQ2d 1154, 1156 (Fed.Cir.1988), this court lacked jurisdiction. There a party did not challenge the order affecting it but sought only to "appeal" a "finding" on the conduct of its counsel who was not a named appellant. Here the challenge is to a sanction (albeit non-monetary) and is asserted by a named appellant. To avoid imposition of disparate procedures applicable to attorneys chastised in the Second Circuit, we follow its discernible law under the circumstances of this particular case.

■ Stoll says the district court relied on the magistrate's testimony and must not have personally compared the pretrial discovery directives to the responses Stoll supplied. At oral argument, Stoll requested that we make that comparison. We have done so and agree, as did the district court, with the magistrate's view that the responses were "wholly deficient" and failed to manifest good faith.[5]

■ Stoll argues that he was denied the due process requirements of notice and an opportunity to be heard. Due process "is a flexible concept and the particular proce-

structive and dilatory tactics in discovery and at trial. We have, nonetheless, considered only the instances of non-compliance and misrepresentation to the magistrate referenced in the

dural safeguards required will vary depending upon all the circumstances." *Julien v. Zeringue,* 864 F.2d 1572, 1575 (Fed. Cir.1989) (citing *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972)); *see also Oliveri v. Thompson,* 803 F.2d 1265, 1280 (2d Cir. 1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

The district court held a hearing on June 10, 1988 at which the magistrate testified that Stoll failed to comply with discovery directives, specifying in detail the nature of those directives, the glaring deficiencies in Stoll's responses which constituted clear noncompliance over substantial time, and Stoll's misrepresentation of the magistrate's position on compliance. Stoll participated fully in that hearing and set forth his contentions concerning what he considered compliance. That hearing fully met the constitutional due process requirement of notice and opportunity to respond.[6] Hence Stoll has shown no basis on which this court could or should disturb the district court's criticism of Stoll's discovery conduct.

## CONCLUSION

Having considered all arguments of all appellants and having found no reversible error by the district court, we affirm the judgment appealed from in all respects.

## COSTS

Costs to Fromson.

AFFIRMED.

district court's opinion and have found it unnecessary to consider the additional instances alleged by Fromson.

**6.** Stoll's procedural attacks on the hearing are specious. That the hearing began on Stoll's motion to disqualify opposing counsel does not preclude notice where, as here, Stoll had long known of the magistrate's repeated expression of dissatisfaction with his discovery conduct. When the magistrate left the courtroom, the hearing had obviously progressed to the point that a continuance would merely waste the time

of the court, and the magistrate left only after Stoll had requested to make and had completed his "closing statement". Stoll did not ask the magistrate to remain and did not ask the court to continue the hearing. The court's statement that it would "take up" whether sanctions would be applied at the end of the case (quoted in Stoll's brief) did not justify Stoll's now-alleged expectation of a second hearing, particularly in light of the court's further statement (not quoted in Stoll's brief) that "I'll think up some other sanction and I'll do it at the end of the case."