# United States Court of Appeals for the Federal Circuit

2006-1592, 2007-1142

NISUS CORPORATION,

Plaintiff,

v.

PERMA-CHINK SYSTEMS, INC.,

Defendant,

v.

MICHAEL H. TESCHNER,

Movant-Appellant,

Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P, of Washington, DC, argued for movant-appellant. With him on the brief were Paul W. Browning, of Washington, DC, and Michael J. McCabe, II, of Atlanta, Georgia.

Appealed from: United States District Court for the Eastern District of Tennessee

Judge Thomas A. Varlan

# United States Court of Appeals for the Federal Circuit

2006-1592, 2007-1142

NISUS  CORPORATION,

Plaintiff,

v.

PERMA-CHINK SYSTEMS, INC.,

Defendant,

v.

MICHAEL H. TESCHNER,

Movant-Appellant.

_____

DECIDED:  August 13, 2007

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

BRYSON, Circuit Judge.

Michael Teschner appeals from a district court order that he characterizes as "adjudging [him] guilty of inequitable conduct" in the prosecution of a patent application. He also appeals from an order denying his motion to intervene in the underlying infringement action between plaintiff Nisus Corporation and defendant Perma-Chink Systems, Inc.  We dismiss the first appeal for lack of jurisdiction.  As to the second appeal, we affirm.

I

In the underlying case, Nisus brought suit against Perma-Chink in the United States District Court for the Eastern District of Tennessee. Nisus alleged that Perma-Chink had infringed Nisus's U.S. Patent No. 6,426,095 B2 ("the '095 patent"). Perma-Chink asserted the affirmative defense that the patent was unenforceable due to inequitable conduct. Perma-Chink alleged that the attorneys who prosecuted the patent—Mr. Teschner and Mr. Allan Altera—engaged in inequitable conduct when they failed to disclose to the U.S. Patent and Trademark Office the existence of an earlier lawsuit involving related patents as well as material documents that were at issue in that lawsuit. Following a bench trial, the district court held that the '095 patent was unenforceable because of inequitable conduct and entered judgment in Perma-Chink's favor. Nisus and Perma-Chink subsequently settled all aspects of the litigation between them and have disclaimed any interest in appealing from the judgment.

After the district court entered its judgment, Mr. Teschner filed a motion to intervene in the litigation and a motion to amend and reconsider the judgment. In his submissions to the district court, Mr. Teschner alleged that the district court erred in finding that he engaged in inequitable conduct. Mr. Teschner pointed out that although he served as Nisus's patent counsel in connection with the application that matured into the '095 patent, Mr. Altera replaced him in that capacity early in the prosecution. Mr. Teschner represented that he turned over to Mr. Altera all the relevant materials in his possession at the time of the transition between the two counsel. Because the time for submitting pertinent materials to the patent examiner had not expired at the time of the transition, Mr. Teschner argued that the document turnover fulfilled his duty of

disclosure and that the district court was therefore in error in characterizing his behavior in the course of the prosecution as constituting inequitable conduct.

The district court denied the motion to intervene. Although the court amended its opinion in response to the motion to amend the judgment, it otherwise denied the motion. Mr. Teschner then noticed an appeal of both orders.

II

At the outset, we must determine whether we have jurisdiction to hear the present appeal pursuant to 28 U.S.C. § 1295(a)(1). We resolve questions as to our jurisdiction by applying the law of this circuit, not the regional circuit from which the case arose. Silicon Image, Inc. v. Genesis Microchip, Inc., 395 F.3d 1358, 1362 (Fed. Cir. 2005); H.R. Techs., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1382 (Fed. Cir. 2002); Woodard v. Sage Prods., Inc., 818 F.2d 841, 844 (Fed. Cir. 1987) (en banc).

Ordinarily, nonparties may not appeal from judgments or other actions of a district court. See Marino v. Ortiz, 484 U.S. 301, 304 (1988); Karcher v. May, 484 U.S. 72, 77 (1987); Gautreaux v. Chicago Hous. Auth., 475 F.3d 845, 850 (7th Cir. 2007). That is true even if the nonparty asserts that the judgment, or some action taken by the court in reaching the judgment, has an adverse effect on him. Marino, 484 U.S. at 304.

As an exception to that general rule, a nonparty such as an attorney who is held in contempt or otherwise sanctioned by the court in the course of litigation may appeal from the order imposing sanctions, either immediately or as part of the final judgment in the underlying case. See U.S. Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76 (1988); Sanders Assocs., Inc. v. Summagraphics Corp., 2 F.3d 394, 395-98 (Fed. Cir. 1993). The reasoning underlying this rule is that when a court

2006-1592, 2007-1142                3

imposes a sanction on an attorney, it is not adjudicating the legal rights of the parties appearing before it in the underlying case. Instead, the court is exercising its inherent power to regulate the proceedings before it. See Roadway Exp., Inc. v. Piper, 447 U.S. 752, 764-66 (1980); see also Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 450 (1911). Once that power to punish is exercised, the matter becomes personal to the sanctioned individual and is treated as a judgment against him. See Alexander v. United States, 201 U.S. 117, 121-22 (1906); cf. Doyle v. London Guar. & Accident Co., 204 U.S. 599, 604-05 (1907); Bessette v. W. B. Conkey Co., 194 U.S. 324, 328-29 (1904).

Conversely, a court's power to punish is not exercised simply because the court, in the course of resolving the issues in the underlying case, criticizes the conduct of a nonparty. Critical comments, such as in an opinion of the court addressed to the issues in the underlying case, are not directed at and do not alter the legal rights of the nonparty. We recognize that critical comments by a court may adversely affect a third party's reputation. But the fact that a statement made by a court may have incidental effects on the reputations of nonparties does not convert the court's statement into a decision from which anyone who is criticized by the court may pursue an appeal.

It is not always easy to determine whether a court's criticism of an attorney should be regarded as a sanction in a collateral proceeding, and there is some disagreement among the courts of appeals as to the circumstances in which an appeal from a court's criticism of an attorney is permitted. The Seventh Circuit permits such appeals only if the court has imposed a formal sanction against the attorney carrying a monetary penalty. See Seymour v. Hug, 485 F.3d 926, 929 (7th Cir. 2007) ("[A]n

attorney can bring an appeal on her own behalf when challenging a district court decision imposing monetary sanctions on the attorney, but this rule does not allow an appeal of otherwise critical comments by the district court when no monetary sanctions have been imposed."). Other courts permit an attorney to appeal from a judicial order in which the court states that the attorney has engaged in professional misconduct, holding that such a declaration is itself an appealable sanction. See Butler v. Biocore Med. Techs., Inc., 348 F.3d 1163, 1168-69 (10th Cir. 2003); United States v. Talao, 222 F.3d 1133, 1137 (9th Cir. 2000); Walker v. City of Mesquite, 129 F.3d 831, 832-33 (5th Cir. 1997); Sullivan v. Comm. on Admissions & Grievances, 395 F.2d 954, 956 (D.C. Cir. 1967). The First Circuit has adopted a middle position, not requiring a monetary sanction, but finding that "[w]ords alone may suffice if they are expressly identified as a reprimand." In re Williams, 156 F.3d 86, 92 (1st Cir. 1998); see Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 542-44 (3d Cir. 2007).

We have taken the position that a court's order that criticizes an attorney and that is intended to be "a formal judicial action" in a disciplinary proceeding is an appealable decision, but that other kinds of judicial criticisms of lawyers' actions are not reviewable. In Precision Specialty Metals, Inc. v. United States, 315 F.3d 1346 (Fed. Cir. 2003), we considered an attorney's appeal from an order formally reprimanding the attorney for misconduct before the court. In holding that we had jurisdiction over the attorney's appeal from that ruling, we followed the line of cases distinguishing between court-imposed sanctions, which the sanctioned lawyer may appeal, and "judicial statements that criticize the lawyer, no matter how harshly, that are not accompanied by a sanction or findings, [which] are not directly appealable." Id. at 1352. We declined to require that

the district court impose a monetary sanction as a predicate for permitting the attorney to challenge a finding of misconduct, but we held that a formal reprimand was sufficient to give the attorney a basis for appeal. Id. We explained that a formal reprimand constitutes a final decision in a collateral proceeding, from which the sanctioned attorney may appeal; we made clear, however, that our decision should not be taken to suggest that every statement criticizing an attorney or suggesting that the attorney has failed to comply with some legal or ethical norm amounts to a sanction sufficient to constitute a final decision in a collateral proceeding.

We adhere to the standard applied in Precision Metals. In the absence of some type of formal judicial action directed at Mr. Teschner, such as an explicit reprimand or the issuance of some mandatory directive, see, e.g., Dawson v. United States, 68 F.3d 886, 894 (5th Cir. 1995) (order that an attorney attend an ethics course), a court's criticism of an attorney is simply commentary made in the course of an action to which the attorney is, legally speaking, a stranger. To allow appeals by attorneys, or others concerned about their professional or public reputations, merely because a court criticized them or characterized their conduct in an unfavorable way would invite an appeal by any nonparty who feels aggrieved by some critical statement made by the court in an opinion or from the bench. Treating such critical comments by a court as final decisions in collateral proceedings would not only stretch the concept of collateral proceedings into unrecognizable form, but would potentially result in a multiplicity of appeals from attorneys, witnesses, and others whose conduct may have been relevant to the court's disposition of the case but who were not parties to the underlying dispute. Nor would it be appropriate to limit such appeals to attorneys, while forbidding others

from appealing from critical court comments, as such a limitation would smack of special treatment for members of the bar and would be difficult to justify as a matter of principle. Accordingly, we hold that absent a court's invocation of its authority to punish persons before it for misconduct, actions by the court such as making adverse findings as to the credibility of a witness or including critical language in a court opinion regarding the conduct of a third party do not give nonparties the right to appeal either from the ultimate judgment in the case or from the particular court statement or finding that they find objectionable.

In the present case, the district court did not exercise its power to sanction Mr. Teschner. The court's comments about Mr. Teschner were simply subsidiary findings made in support of the court's ultimate findings and legal conclusion that Nisus's patent was unenforceable. At no point did the district court purport to affect the legal rights or obligations of Mr. Teschner. Without the exercise of the sanctioning power, a finding of inequitable conduct is insufficient to confer appellate jurisdiction over an appeal by the aggrieved attorney.

Mr. Teschner places great weight on the fact that Precision Metals indicated standing could be conferred by "sanctions or findings." 315 F.3d at 1352. He argues that "findings" refers to any finding that an attorney has failed to comply with a legal or ethical norm. In context, however, it is clear that the phrase "sanctions or findings" referred to the formal imposition of the court's inherent power to penalize those who appear before it. Precision Metals, 315 F.3d at 1352 ("[J]udicial statements that criticize the lawyer, no matter how harshly, that are not accompanied by a sanction or findings, are not directly appealable."). The alleged "finding" that Mr. Teschner committed

inequitable conduct does not aggrieve him in the sense of inflicting a legal injury, and thus is no different from any other critical comment about a nonparty that a court might make in the course of resolving a dispute between the two parties before the court.

There is an important difference between this case and many of the cases in which courts have held that an attorney may appeal from a court's formal or informal sanctions against the attorney. In those cases, including Precision Metals, the attorney was before the court as a participant in the underlying litigation, and the court's action was directed at regulating proceedings before the court or over which the court had supervisory authority. In this case, by contrast, Mr. Teschner was not a participant in the district court proceedings other than as a witness, and the conduct at issue was not his conduct before the court or in the course of the litigation—it was conduct that occurred long before the litigation. Mr. Teschner's pre-litigation conduct was plainly outside the scope of the court's authority to impose disciplinary sanctions, and the court's criticism of Mr. Teschner cannot reasonably be characterized as the imposition of a disciplinary sanction against him. For this reason, those cases in which courts have struggled with the issue of the appealability of an order of a court critical of an attorney's conduct in the very proceedings that are before the court are not directly applicable here. See, e.g., Bowers, 475 F.3d at 544; Butler, 348 F.3d at 1165-66; Walker, 129 F.3d at 831-32.

As other courts have noted, the dismissal of a nonparty's appeal from derogatory comments by a court does not leave the nonparty without a remedy. To the extent that an individual is harmed by the mere existence of a statement in an opinion, that individual "is free to petition for a writ of mandamus, see 28 U.S.C. § 1651, and request

that offending commentary be expunged from the public record." In re Williams, 156 F.3d at 92-93; see also Clark Equip., 972 F.2d at 820; Bolte, 744 F.2d at 573; cf. Fromson v. Citiplate, Inc., 886 F.2d 1300, 1304 (Fed. Cir. 1989). Moreover, to the extent that Mr. Teschner is concerned about the collateral effects of the court's findings in the underlying case, we note that for the very reason that he was a stranger to the proceedings before the district court in this case, he has not had a full and fair opportunity to respond to the court's characterizations of his conduct. Particularly in this case, in which Mr. Teschner vigorously contests the findings against him, and in which there appears to be some force to his argument on the merits, we would expect that he would be accorded an opportunity to make his case before any sanctions were imposed on him based on the comments made by the district court.

III

Mr. Teschner also argues that the district court erred in denying his motion to intervene. The district court denied the motion on the ground that the motion, which was filed after the entry of judgment in the case, was untimely.

We hold that the district court did not err in denying the motion to intervene because, even if Mr. Teschner had been permitted to intervene in the proceedings before the district court for purposes of pursuing this appeal, the grant of intervention would not have affected his rights, as we would still lack jurisdiction over his appeal. As discussed above, the district court's findings regarding Mr. Teschner's conduct do not constitute a final decision sufficient to confer jurisdiction in this court, and Mr. Teschner's status as an intervenor would not give him a right to appeal a judgment resolving the rights of Nisus and Perma-Chink. See Diamond v. Charles, 476 U.S. 54,

68 (1986) ("Permission to intervene in a district court action does not confer standing on appeal."); Warner/Elektra/Atl. Corp. v. County of DuPage, 991 F.2d 1280, 1282 (7th Cir. 1993) ("If an appellant is complaining not about a judgment but about a finding . . . the appeal does not present a real case or controversy.").

In support of his appeal from the denial of the motion to intervene, Mr. Teschner cites the Second Circuit's decision in Penthouse International, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371 (2d Cir. 1981), but that case is of no help to him. In that case, the attorney for a sanctioned party sought to intervene both in the district court and on appeal from an order directing the attorney to pay the opposing party's expenses for his role in certain discovery abuses. The court of appeals permitted him to intervene on appeal, noting that on remand the district court would be required to determine whether the attorney should be ordered to pay the opposing party's expenses. There is no similar sanction that is either pending or may arise in further proceedings in this case. Because Mr. Teschner lacks a substantial legal interest in the underlying litigation, see Jordan v. Mich. Conference of Teamsters Welfare Fund, 207 F.3d 854, 862 (6th Cir. 2000), the district court did not commit legal error in denying his motion to intervene. See generally Donaldson v. United States, 400 U.S. 517, 531 (1971) (no intervention as of right because would-be intervenor had no "significantly protectable interest" in the underlying litigation).[1]

---

[1]     Following Second Circuit law, this court in Fromson v. Citiplate, Inc., 886 F.2d 1300 (Fed. Cir. 1989), allowed a sanctioned attorney to intervene in the appeal of his client. Unlike in Fromson, however, Mr. Teschner was not the trial attorney for either party and neither party has taken an appeal. There is no reason to believe Sixth Circuit law would permit Mr. Teschner to intervene for purposes of pursuing an appeal in the

For the foregoing reasons, we conclude that the finding Mr. Teschner seeks to appeal is not a final decision within the meaning of 28 U.S.C. § 1295(a)(1), and that Mr. Teschner does not have standing to appeal from the final judgment in the lawsuit between Nisus and Perma-Chink.  We therefore dismiss the appeal from the district court's inequitable conduct decision, and we affirm the denial of Mr. Teschner's motion to intervene.

<u>DISMISSED IN PART and AFFIRMED IN PART</u>.

---

present case under these circumstances.  <u>See</u> <u>Jordan</u>, 207 F.3d at 862; <u>Associated Builders & Contractors v. Perry</u>, 16 F.3d 688, 690-93 (6th Cir. 1994).