NEWMAN, Circuit Judge,
dissenting.
The issue on this appeal is whether these two sanctioned attorneys should have, and do have, the right and opportunity to “clear their name” by appealing the sanctions order. My colleagues on this panel hold that they do not, for the reason that “a full hearing on litigation misconduct” would be “an unnecessary use of the district court’s and the parties’ resources.” Maj. Op. at 1379. Thus this court holds that an appeal to bring out potentially mitigating information is not available.
These sanctioned attorneys ask for the opportunity to provide privileged records *1380 that they say will clear their name, stating that these records were proffered to the district court judge, who declined to receive them. These sanctioned attorneys aré surely entitled to an appeal (or remand to the district court, as alternatively requested). Precedent in all of the other circuits would so allow, and fundamentals of due process so require. From my colleagues’ contrary ruling, I respectfully dissent.
I
A lawyer’s reputation is the lawyer’s most valuable asset. These two lawyers were publicly sanctioned, with imposition of the most severe punishment: dismissal of the client’s case with prejudice. The reason was that two witnesses testified contrary to what these lawyers had, three years earlier, told the trial judge would be the witnesses’ testimony concerning a Tes-co brochure related to the patented device.
The panel majority refuses the attorneys’ request for appeal or proceedings to allow them to provide these privileged records. My colleagues cite “jurisdictional” grounds, stating that the case is over because the parties “settled.” Every other circuit that has considered this aspect has held that settlement does not bar an attorney’s right to appeal a sanctions order.
The panel majority not only rules that no appeal is available and that the proffered exculpatory evidence cannot be received, but the majority also presents, in prejudicial and pejorative detail, the statements of counsel that led to their sanctions. If this issue is to be retried only in appellate dictum, the victims should at least have the opportunity to tell their side of the story. The closest that the Appellants have gotten to this opportunity is in their appellate brief, where they summarize this history:
The Sanctions Order found that Attorney-Appellants had willfully misled the district court.... The district court’s finding was based upon its decision to credit the 2013 post-trial deposition testimony of one former Tesco employee above and against Attorney-Appellants’ own in-trial statements made in 2010. Specifically, on November 1, 2010, Mr. Ballard relayed to the district court the contents of several out-of-court conversations Mr. Luman had with two witnesses and described their expected testimony.
Appellant’s Br. 2. These witnesses later diverged from the described testimony, leading the district court to impose sanctions and to dismiss the Tesco case with prejudice. The Appellants summarize these events:
Three years later, when deposed, one of the witnesses apparently remembered these conversations differently, and the other did not remember them at all, even though contemporaneous evidence not only showed that their conversations occurred but also supported what Attorney-Appellants conveyed to the district court. Without reviewing this evidence, the district court concluded on the basis of what one witness could remember years later that Attorney-Appellants must therefore have lied to the court.
Appellant’s Br. 2-3. This appeal arises from the district court’s refusal to review the proffered evidence that, according to the sanctioned attorneys, would show that they did not misrepresent what they were told by the two witnesses. The Appellants raise due process concerns as to the sanctions procedure, and summarize:
The district court entered the Sanctions Order without conducting a trial or even a show cause hearing on the issues covered by the order, and without reviewing the contemporaneous evidence of *1381 fered to the district court no less than three times for in camera inspection.
Appellant’s Br. 3. The district court dismissed the case with prejudice “outright,” an action that the Supreme Court has called “a particularly severe sanction.” Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).
The Appellants describe their proffer of evidence as follows:
The deposition testimony that forms the sole evidentiary basis for the Sanctions Order did not accurately reflect what the witnesses had said years earlier. Attorney-Appellants could have proven so with their privileged notes and emails from 2010 had the district court given them notice and an opportunity to do so.
Appellant’s Br. 4. My colleagues on this panel refuse to review this evidence, or to require the district court to review it, stating that we do not have jurisdiction of this appeal at all, because the case was settled. Nonetheless, my colleagues describe, in exhaustive detail, the course of the proceedings below, apparently to demonstrate counsels’ malfeasance. Not only is no mention made of the proffered exculpatory information, but the majority reiterates selected parts of the district court’s criticisms, reinforcing the injury while denying the requested hearing.
Precedent and due process require that sanctioned attorneys be permitted appellate review of the sanctions order. In the Fifth Circuit, whose law controls this procedural issue, the imposition of attorney sanctions is subject to the processes of law. Hazeur v. Keller Indus., 983 F.2d 1061, 1993 WL 14973, *5 (5th Cir.1993) (“[W]hen a district court imposes sanctions under its inherent authority, due process considerations undoubtedly are implicated.”) (citing Roadway Express v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). With all respect to my colleagues, their one-sided approach to this appeal, where they deny jurisdiction due to settlement, but nonetheless make adverse findings while simultaneously denying all opportunity of exculpation, is not only prejudicial, but also unfair.
The majority argues that this dissent “fails to recognize” the “fíne factual distinctions” upon which sanctions are based. Maj. Op. at 1374 n. 7. On this ground, the majority justifies ignoring the vast body of precedent in which sanctioned attorneys have had the right and opportunity to defend their reputations. .To the contrary, precedent demands that fine facts be found. My concern is that the district court repeatedly refused to receive the Appellants’ proffered evidence, although that evidence could affect the factual weight and perhaps even change the conclusion.
The appellate obligation is to assure an adequate and fair factual foundation to which the law is applied. I dissent for precisely this reason: the incompleteness of the record renders the sanction possibly unfair. All of the precedents that I cite are founded on the position that when the trial judge issues a reprimand, it is incumbent on the appellate tribunal to assure that the processes of law are fully recognized.
II
On the question of loss of appellate jurisdiction based on settlement, my colleagues err in ruling that there is no jurisdiction to review the issue of sanctions. The Supreme Court has made it clear: “It is well established that federal courts may consider collateral issues after an action is no longer pending.” Cooler & Gell v. Hartmarx Corp., 496 U.S. 384, 395, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990). See also Willy v. Coastal Corp., 503 U.S. 131, *1382 139, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (a district court’s sanctions regarding violations of the court’s rules are sustainable, and renewable by appellate courts, even where the court is later held to lack jurisdiction over the case).
The appealability of a severe sanction, such as dismissal with prejudice, is recognized in all of the circuits. Appealability is not defeated by an intervening settlement. The courts have reasoned that settlement does not “moot” an attorney sanction, for the reputational damage is perpetual.
' As the district court resides within the Fifth Circuit, I start with their decisions. The Fifth Circuit, like all the other circuits, recognizes that injury to an attorney’s professional reputation is a cognizable and legally sufficient cause for appellate review, for reputation is the attorney’s “most important and valuable asset.” Walker v. City of Mesquite, 129 F.3d 831, 832-33 (5th Cir.1997).
In Fleming & Associates v. Newby & Tittle, 529 F.3d 631 (5th Cir.2008) the district court had awarded attorney fees as a sanction for improper procedures concerning an expert report; the parties then settled, and agreed that each side would bear its own attorney fees. The district court nonetheless wrote a written opinion that described attorney misconduct during the proceedings. Id. at 641. The circuit court held that the sanctions order, and its appealability, survive settlement, stating that “[w]e should not deprive the ... counsel of the right to equity when the party he represents chose to settle its suit.” Id at 638 n. 3. The court concluded that “any nonmonetary portion of the sanctions not rendered moot by settlement is appealable for its residual reputational effects on the attorney.” Id. at 640.
Other circuits have dealt with the effect of settlement on the appeal of an attorney sanction. The First Circuit explicitly allows review of “factual findings by themselves (i.e. unattached to any sanctions)” due to the “ ‘serious practical' consequences’ they may have on counsel’s reputation.” Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 6 (1st Cir.2005) (quoting Obert v. Republic W. Ins. Co., 398 F.3d 138, 143 (1st Cir.2005), remand order modified, 2005 U.S.App. LEXIS 4793 (1st Cir. Mar. 24, 2005)). In Obert, the First Circuit held that while settlement had mooted the sanctions imposed, “given the substance of the underlying rulings, the reputations of counsel are affected by the findings that individual counsel and their firms violated state ethics rules or Rule 11,” the “serious practical consequences of such findings ... [were] sufficient to avoid mootness.” 398 F.3d at 142-143. Here, the district court’s action of dismissal of the entire case underscores the seriousness of the charges to which the Appellants were not permitted to respond.
In Cheng v. GAF Corp., 713 F.2d 886, 890 (2d Cir.1983), counsel was sanctioned by the district court for filing an inappropriate motion. The Second Circuit recognized that “[i]f the case is settled, or if appellant succeeds on the merits, it is not clear that appellant’s lawyer vrill be able to appeal.” To address this concern, the Second Circuit permitted an immediate appeal of the fee award.
The Second Circuit has also considered a situation close on its facts to the case at bar, and declined to hold that settlement mooted the attorney’s right to appeal from a sanction, “because his reputation — the basis of the attorney’s livelihood — is at stake and, unlike his client, he did not voluntarily enter into the settlement in question.” Agee v. Paramount Commc’ns, Inc., 114 F.3d 395, 399 (2d Cir.1997).
Also contrary to the majority’s ruling herein, the Eighth Circuit directly ruled *1383 that settlement does not moot the appeal of an attorney sanction. In Perkins v. General Motors Corp., 965 F.2d 597 (8th Cir.1992), the court rejected the argument that “the district court lost jurisdiction to enforce the sanctions when the parties settled the case.” Id. at 599. The court held that the district court had authority to levy the sanction and the circuit court had authority to review it, stating that, even though there was no monetary consequence, “[t]he interest in having rules of procedure obeyed does not disappear merely because an adversary chooses not to collect the sanctions.” Id.
The Eighth Circuit brought pragmatic reasoning to the effect of settlement of the underlying case, on the right of an attorney to appeal a sanction order:
If an attorney is unable to appeal a sanction order after the underlying case has been settled, the attorney is left with no avenue of challenging the sanction order. The law encourages parties to settle disputes. An attorney must be free to settle cases when settlement is in the client’s best interest. The refusal to grant jurisdiction over an appeal of sanctions after the underlying suit has been settled thrusts a personal conflict upon the attorney — by settling a case in the client’s interest he may have to forfeit a personal right to appeal the sanctions levied against him.
Id. at 600.
The circuits have also held that an attorney has standing to appeal a sanctions order, based on the injury to professional reputation, whether or not other punishment is also levied. In Butler v. Biocore Medical Technologies, Inc., 348 F.3d 1163 (10th Cir.2003), the court stated “we believe that the position taken by the majority of the circuits, that an order finding attorney misconduct but not imposing other sanctions is appealable under § 1291 even if not labeled as a reprimand, is the proper position.” Id. at 1168.
The circuits stress the reputational aspect of sanctions awards in cases that were settled. In Grider v. Keystone Health Plan Central, Inc., 580 F.3d 119, 133 (3d Cir.2009) the court agreed that “the settlements did not moot the appeals because the Appellants experienced (and continue to experience) reputational harm.”
In Johnson v. Board of County Commissioners, 85 F.3d 489 (10th Cir.1996), the court held that “settlement of an underlying case does not preclude appellate review of an order disqualifying an attorney from further representation insofar as that order rests on grounds that could harm his or her professional reputation.” Id. at 492.
In Kirkland v. National Mortgage Network, Inc., 884 F.2d 1367 (11th Cir.1989) the court held that an attorney’s appeal of an order revoking his pro hoc vice status survived dismissal because “the ‘brand of disqualification’ on grounds of dishonesty and bad faith could well hang over his name and career for years to come.” Id. at 1370.
The cases cited by the majority do not support their position that settlement removes the sanction from appellate review. The majority relies primarily on In re Williams, 156 F.3d 86 (1st Cir.1998), where the court held a bankruptcy judge’s sanctions order unappealable on the facts of that case, the court explaining that ap-pealability of the sanction “depends oh whether the findings comprise a decision, order, judgment, or decree.” Id. at 89. The court observed that the monetary fine, against counsel had been withdrawn, and let stand the chastisement of counsel. The court held that since there was no consequence and no punishment, there was no appeal.
*1384 Although my colleagues recognize that in Williams there was no adverse consequence to the criticism of counsel “[ble-cause the monetary sanctions were ameliorated and no reprimands were imposed,” Maj. Op. at 1376-77, the panel majority nonetheless holds that Williams supports non-appealability for absence of jurisdiction. There is, however, a critical space separating the Williams ruling that without a formal reprimand or other adverse consequence, ordinary criticism of an attorney is not appealable. In contrast, in the case at bar, the ultimate sanction of dismissal of the client’s case was imposed, accompanied by a published Sanctions Order recounting the transgressions by counsel.
The other cases that the majority says supports its bar to appeal, are inapposite here. In Bolte v. Home Insurance Co., 744 F.2d 572 (7th Cir.1984), the circuit court found that only because no sanctions were actually imposed by the district court upon settlement and dismissal was the issue moot. Here, sanctions, harsh sanctions, were imposed. And even there, the court questioned whether defamatory statements alone were never sufficient to raise a claim for appellate relief, citing to Analytica, Inc. v. NPD Research, Inc., 708 F.2d 1263 (7th Cir.1983), where the court alluded that the reputational damage to attorneys in that case was an argument worth consideration. Id.
The panel majority also relies on Weissman v. Quail Lodge, Inc., 179 F.3d 1194 (9th Cir.1999). The district court statements at issue in Weissman and the present appeal are far apart. In Weissman, the district court stated the attorney’s behavior reflected “a serious lack of professionalism and good judgment.” Id. The circuit court found that that statement did not constitute a formal reprimand and so avoided appellate review. Here, in contrast, the district court issued a separate Sanctions Order, accompanied by the dramatic act of dismissing the client’s case with prejudice.
Also in Clark Equipment Co. v. Lift Parts Manufacturing Co., 972 F.2d 817 (7th Cir.1992), after the client agreed to pay the entire attorney fee sanction levied against the offending attorney, the court declined to accept the attorney’s appeal of the sanction, the court stating that the entire consequence of his transgression had been “bargained away.” Id. at 819. Yet still, the circuit court found sufficient purchase to vacate the district court’s judgment to the extent it imposed sanctions. On the facts of that case, the circuit court’s treatment was not a matter of “jurisdiction” but of pragmatic judicial wisdom.
In sum, there is no support for the majority’s general theory that there is no “jurisdiction” to appeal an otherwise ap-pealable sanction, after the case has been settled. Review of all the circuits reveals a logical pattern whereby the integrity of the judicial process is preserved not only by authorizing the imposition of sanctions, but also by assuring due process in the imposition itself. And when there is a settlement, the courts have recognized that jurisdiction is present, and have reviewed the imposition of sanctions as appropriate to the specific situation.
In today’s ruling the Federal Circuit stands alone. Indeed, this panel stands alone among Federal Circuit rulings.
Ill
The law of this circuit is also on the side of judicial review. In Precision Specialty Metals, Inc. v. United States, 315 F.3d 1346 (Fed.Cir.2003), this court stated that “a judicial reprimand is likely to have a serious impact upon a lawyer’s professional reputation and career,” and is “directly *1385 appealable” when “accompanied by a sanction or findings.” Id. at 1352-53. We elaborated in Nisus Corp. v. Perma-Chink Sys., holding that Precision Specialty Metals made “clear that the phrase ‘sanctions or findings’ referred to the formal imposition of the court’s inherent power to penalize those who appear before it.” 497 F.3d 1316, 1321 (Fed.Cir.2007) (quoting Precision Specialty Metals, 315 F.3d at 1352).
Here, the attorneys were “before the court as a participant in the underlying litigation, and the court’s action was directed at regulating proceedings before the court or over which the court had supervisory authority.” Id. Indeed, this court has “taken the position that a court’s order that criticizes an attorney and that is intended to be ‘a formal judicial action’ in a disciplinary proceeding is an appealable decision.” Id. at 1320.
The majority seeks to avoid the issue of “whether the district court’s dismissal order amounted to the type of formal judicial action over which we could exercise jurisdiction ... instead deciding this case on redressability grounds.” Maj. Op. at 1378 n. 8. That issue is at the heart of this matter, for a district court’s dismissal of the underlying action with prejudice based on alleged attorney misconduct is a sanction accompanying a judicial reprimand, and is directly appealable as provided in Precision Specialty Meláis and Nisus.
IV
The district court invoked its inherent power to punish what it saw as bad faith and willful misconduct. Such power is available “only if clear and convincing evidence supports the court’s finding of bad faith or willful abuse of the judicial process.” In re Moore, 739 F.3d 724, 729-30 (5th Cir.2014). The issue is not whether the district court has such inherent disciplinary power, but whether these sanctioned attorneys are entitled to appeal and to bring forth privileged documents to defend themselves. My colleagues hold we do not have jurisdiction to consider this issue.
Common to all circuits is the requirement that sanctionable behavior must be established by clear and convincing evidence on the record as a whole. There cannot be clear and convincing evidence without an opportunity to present contrary evidence. Although my colleagues state that the Appellants had adequate opportunity to “recant their statements to the court,” it was not until three years after these attorneys’ conversations, that the witnesses were deposed.
The Fifth Circuit explains that: “For this court to affirm inherent power sanctions on grounds other than those expressly chosen by the imposing court would constitute an encroachment upon that court’s discretion unwarranted by the concerns for order and necessity .inherent in their use.” Crowe v. Smith, 151 F.3d 217, 240 (5th Cir.1998). The Appellees, scouring the record for damaging communications not mentioned by the district court, have presented grounds upon which the majority’s affirmance affixes this court’s imprimatur, exceeding this safeguard— again, while insisting that we do not have any jurisdiction at all.
My colleagues ignore the vast body of circuit reasoning, and instead hold that “a full hearing on litigation misconduct” would be “an unnecessary use of the district court’s and the parties’ resources.” Maj. Op. at 1379. Indeed, some aspects of due process of law do consume resources. The settlement did not eradicate the right of these Appellant attorneys to appeal the sanction against them. They have the right to clear their name in appropriate *1386 further proceedings. From my colleagues’ contrary ruling, I respectfully dissent.